**Rickey FENTRESS and Jeff Strohmeyer, Appellants (Petitioners Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 1-885 A 209.

Court of Appeals of Indiana, First District.

Feb. 13, 1986.

---

3. IND. CODE § 8-22-3-16.

4. IND. CODE § 8-22-3-11.

Susan K. Carpenter, Public Defender, Teresa D. Harper, Deputy Public Defender, Indianapolis, for appellants.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

The sole issue of this interlocutory appeal is whether the trial court erred by denying the petitioner-appellants' motions to withdraw their motions for post-conviction relief without prejudice.

The procedural facts are that both petitioners had filed pro se petitions for post-conviction relief. Subsequently, counsel for the petitioners filed a motion to withdraw the petitions without prejudice. In the one instance (Strohmeyer) the State had filed an answer, however, in the other case (Fentress) no answer had been filed. The trial court denied both petitions to withdraw giving rise to this appeal.

We first note the Rules of Procedure, Post-Conviction Remedies, P.C. 1, § 4(c) which states that

> "At any time prior to entry of judgment the court may grant leave to withdraw the petition,...."

P.C. 1, § 4(c) and the remainder of the applicable rules are silent regarding whether or not prejudice attaches to a withdrawal of the petition for post-conviction relief, however, P.C. 1, § 5 provides that rules and statutes applicable to civil proceedings are available to the parties.

Trial Rule 41(A), insofar as it is pertinent to this appeal, reads:

(A) Voluntary Dismissal: Effect Thereof.

(1) By Plaintiff-By Stipulation. Subject to contrary provisions of these rules or of any statute, an action may be dismissed by the plaintiff without order of court:

(a) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs; or

(b) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim. The provisions of this subdivision shall not apply if the

plaintiff in such action could not effectuate service of process, or otherwise procure adjudication on the merits.

The pleading presented by Fentress to the trial court does not comport with either T.R. 41(A)(1)(a) or (b).

 Although the record does not divulge the reasoning behind the motion to withdraw the motion for post-conviction remedy, nor the reasoning in support of the denial of the motion, experience and logic would indicate that a likelihood exists that the pro se petition failed to include all possible grounds for relief. If that be the situation here, it should be noted that a petitioner for post-conviction relief has an absolute right to amend the petition by interlineation at any time prior to judgment. *Neeley v. State*, (1978) 269 Ind. 588, 382 N.E.2d 714.

Also we observe that *Neeley* holds that a petitioner has a conditional right to withdraw a previously filed petition for post-conviction relief, although the right is not absolute, and the trial court may grant the motion to withdraw absent any overriding prejudice which may result to the state as a result of withdrawing the petition. 382 N.E.2d at 716. The record does not apprise the reviewing court of what prejudice, if any, has occurred to either party in this case.

 We conclude that Fentress has failed to demonstrate reversible error. *See Raymundo v. Hammond Clinic Ass'n.*, (1983) Ind.App., 449 N.E.2d 276.

 In the case of Strohmeyer, this court has determined that he is a parole absconder and is not entitled to prosecute his appeal. *Mason v. State*, (1982) Ind., 440 N.E.2d 457.

Judgment affirmed.

NEAL, J., concurs.

RATLIFF, J., concurs with separate opinion.

RATLIFF, Judge, concurring.

Indiana Rules of Procedure, Post-Conviction Remedies, Rule No. 1, section 4(c) provides that "[a]t any time prior to entry of judgment the court may grant leave to withdraw the petition[.]" Thus, it is discretionary with the court whether to grant a motion to withdraw, which decision is reviewable only for an abuse of discretion. Neither petitioner has demonstrated any prejudice resulting to him from the court's denial of his motion to withdraw his P.C. 1 petition. No abuse of discretion has been shown. Therefore, I concur.