Jose Angel TAPIA, Appellant–
Petitioner,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A03–9908–PC–304.

Court of Appeals of Indiana.

Aug. 31, 2000.

Dale Allen, Merrillville, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Andrew L. Hedges, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

MATHIAS, Judge

Jose Angel Tapia appeals the denial of his petition for postconviction relief. He raises four issues, one of which is dispositive: Whether the trial court erred when it denied his pro-se motion to withdraw his petition for postconviction relief without prejudice. We reverse and remand with instructions to grant the motion.

### Facts and Procedural Background

Tapia's conviction for murder was affirmed on direct appeal in 1991, *see Tapia v. State*, 569 N.E.2d 655 (Ind.1991), and on January 14, 1993, he filed a pro-se petition for postconviction relief. A Deputy State Public Defender entered his appearance two weeks later and continued to represent Tapia until April 18, 1996, when the public defender withdrew pursuant to Tapia's request to proceed pro-se. In response to a request filed by Tapia in December of 1996, the trial court scheduled a hearing for May 20, 1997.

On May 6, 1997, Tapia filed a motion to continue the hearing and a motion to amend his petition for postconviction relief.

Both motions were denied on the same day. On May 19, Tapia filed a motion to withdraw his petition for postconviction relief without prejudice. The following day, Tapia appeared before Magistrate Kathleen Sullivan for a hearing on his petition. The following colloquy ensued:

> [Tapia:] Your Honor, I filed a motion for a petition to relieve without prejudice ["Verified Motion to Withdraw Petition for Post–Conviction Relief without Prejudice"].

> [Court:] That was filed yesterday, the day before your hearing, and that was denied.

> [Tapia:] I sent it last week.[1]

> [Court:] We got it yesterday, and that's still too late anyway. You have a hearing date scheduled for today. We can't put somebody else in, and the court time is very valuable. You can't just continue – withdraw your petition and expect to refile at a later date and start the whole process over again. So your request to withdraw is denied without prejudice. If you wish to withdraw it with prejudice that, of course, would be granted, but that would mean that you would never again be able to file another petition for postconviction relief in this case.

> So how do you wish to proceed? Are you ready to proceed today, or do you wish to withdraw your petition with prejudice?

R. at 184–85. Tapia explained that he had been in segregation at the Department of Correction for four years and had limited access to the law library during that time. He had been communicating only recently

with New York attorney Barry Scheck in regard to attacking the DNA evidence from his trial. The trial court responded by again reiterating its denial of the motion to withdraw for the same reasons stated above. Although Tapia insisted that he was "not prepared today," the trial court stood firm that "this is your only date for a hearing." R. at 186–87.

The trial court ordered that Tapia submit any documentary evidence in support of his petition by August 18, gave the State until September 22 to file any objections, and ordered Tapia to then file proposed findings of fact and conclusions of law by November 10. Tapia asked if he would be permitted to add an allegation regarding DNA to his petition, and the trial court stated the petition had to be amended sixty days prior to a hearing and it "was too late to be amending to include issues." R. at 190.[2] At no point did the State object to Tapia's motion to withdraw his petition nor did it provide any reason why a withdrawal on the morning of the hearing would in any way prejudice it. On June 24, 1999, the trial court entered Findings of Fact and Conclusions of Law denying Tapia's petition. Tapia appeals.

### Discussion and Decision

Tapia contends that the trial court erred in denying his motion to withdraw his postconviction petition without prejudice. Post–Conviction Rule 1(4)(c) provides, "At any time prior to entry of judgment the court may grant leave to withdraw the petition." There is no mention of whether or not prejudice attaches to such a denial or what standard should be applied by the trial court in making its ruling. Decisional law interpreting this provision provides little additional guidance.

> The petitioner shall be given leave to amend the petition as a matter of right no later than sixty [60] days prior to the date the petition has been set for trial. Any later amendment of the petition shall be by leave of the court.

---

1. The certificate of service states that the petition was mailed on May 14.

2. The Post–Conviction Rules do not forbid amendments within sixty days of a hearing. Rather, Post–Conviction Rule 1(4)(c) provides:

In *Neeley v. State*, 269 Ind. 588, 382 N.E.2d 714 (1978), *overruled on other grounds by German v. State*, 428 N.E.2d 234, 237 (Ind.1981), the petitioner in a postconviction action sought to amend his petition. The State moved to strike the amendment, asserting that the petitioner was required to withdraw the petition and then amend and refile it. At that time, Post–Conviction Rule 1(4)(c) provided: "At any time prior to entry of judgment the court may grant leave to withdraw the petition, and the petitioner shall be given leave to amend the petition as a matter of right." *Id.* at 590, 382 N.E.2d at 715. The Supreme Court agreed with the petitioner that an amendment, not withdrawal and refiling, was the proper procedure:

> [A] proper interpretation of this rule is that the petitioner has a conditional right to withdraw a previously filed petition for post-conviction relief, but it is not an absolute right and may be granted by the trial court absent any overriding prejudice which may result to the state by allowing the petitioner to withdraw his petition. The second phrase of Ind. R.P.C. 1 § 4(c) grants the petitioner the absolute right to amend a present petition for post-conviction relief prior to judgment. This is consistent with the total purpose of the post-conviction rules which envisions simplification of the post-conviction procedures by requiring petitioner to present all of his reviewable issues in one petition, in order to avoid a multiplicity of post-conviction petitions.

*Id.* at 591, 382 N.E.2d at 716.

In *Fentress v. State*, 488 N.E.2d 1158 (Ind.Ct.App.1986), *trans. denied*, this Court considered whether a postconviction court erred in denying a motion to withdraw a petition without prejudice. In *Fentress*, the State had not filed an answer, and this Court looked to Trial Rule 41(A)(1) and found that Fentress's motion to withdraw did not comport with the requirements of that rule. Moreover, relying on *Neeley*, the Court noted Fentress had an absolute right to amend his petition at any time prior to judgment. Thus, although the Court held that the postconviction court did not commit "reversible error" in denying the motion to withdraw, Fentress still retained the option of amending his petition. *Id.* at 1160.

The State does not cite *Neeley*, *Fentress*, or any other authority, but rather contends that the trial court's denial of the motion should be affirmed because Tapia failed to "diligently pursue[ ] his post-conviction remedies" and "failed to offer compelling reasons why he should be permitted to withdraw his petition." Brief of Appellee at 13. However, neither *Neeley* nor *Fentress* place any burden upon a petitioner when seeking to withdraw a postconviction petition without prejudice. Rather, these cases stress the importance of resolving postconviction matters in one petition and permitting liberal amendments.

It is important to note that Post–Conviction Relief Rule 1(4)(c) has been amended since *Neeley* and *Fentress* and now provides that any amendment sought less than sixty days before the hearing on a postconviction petition must be "by leave of the court." Consistent with the amended rule, Tapia sought leave of court to amend his petition two weeks before the hearing. However, the request was denied as untimely. Unprepared and faced with no other alternative, Tapia then sought to withdraw his petition without prejudice, which was also denied.

■ Building on the holdings in *Neeley* and *Fentress*, while acknowledging the significant change in Post–Conviction Rule 1(4)(c) since those cases were decided, we believe the proper standard of review for a petition to withdraw a petition for postconviction relief without prejudice is the same standard that applies to a motion to dismiss any civil action. *See generally* Ind. Post–Conviction Rule 1(5) (noting that the same rules applicable in civil proceedings apply in postconviction proceedings). Trial Rule 41(A) provides for the voluntary

dismissal of a civil action by either stipulation, T.R. 41(A)(1), or by order of the court, T.R. 41(A)(2). Here, Tapia did not secure a stipulation with the State, and thus the trial court's denial of the motion to withdraw is evaluated under Trial Rule 41(A)(2).

Two decades ago, Judge Shields noted that there was little Indiana case law on the standard to apply to a Trial Rule 41(A)(2) voluntary dismissal and looked to the standard employed under the identically worded federal rule:

> A dismissal without prejudice should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit. And that plaintiff may obtain some tactical advantage by dismissal is insufficient grounds for denial of the motion; substantial prejudice to the defendant should be the test. Where substantial prejudice is lacking the district court should exercise its discretion by granting a motion for voluntary dismissal without prejudice.

*Levin & Sons, Inc. v. Mathys*, 409 N.E.2d 1195, 1198 (Ind.Ct.App.1980) (quoting 5 *Moore's Federal Practice* § 41.05 (2d ed.1948) (citations omitted)); *see also* 3 William F. Harvey, *Indiana Practice* § 41.5, at 146 (2d ed.1988) ("The essential question is whether the dismissal would prejudice the defendant.").

■ The trial court's basis for denying the motion to withdraw is clear: Tapia waited too long to file the motion and granting it would have left the court with no other case to hear in that time slot. Although Tapia's petition had been pending for nearly four years at the time the hearing was scheduled, the bulk of this delay was attributable to the delay of the State Public Defender's Office in preparing Tapia's case for hearing. After the withdrawal of his public defender, Tapia had approximately a year to prepare for a hearing. During that year, his case was set for a hearing only once, and he requested only one continuance two weeks before that hearing.

■ As frustrating as last-minute changes in scheduling may be, they are unfortunately a common, but often reasonable, occurrence in courtrooms throughout our state. In the absence of a showing of abuse on the part of a petitioner by seeking repeated withdrawals of a petition or a showing of prejudice by the State, a trial court may not deny a motion to withdraw a postconviction petition without prejudice solely because it means the courtroom will be empty for the time previously allotted.

■ Here, the record contains no showing of prejudice to the State, and the State argued no prejudice, either at the postconviction hearing or on appeal. Rather, the State faults Tapia for "fail[ing] to offer compelling reasons why he should be permitted to withdraw his petition." However, the State cites no case law, nor do we find any, that requires a petitioner in a postconviction action (or a plaintiff in any civil action) to come forward with "compelling reasons" in support of a motion to withdraw a petition for postconviction relief (or a civil complaint). Rather, the standard, as explained above, is whether the withdrawal would cause substantial prejudice to the State. Absent any such showing, the postconviction court should grant a motion to withdraw a petition for postconviction relief without prejudice.

As a final point, we note that our opinion today is also consistent with the purpose of the postconviction rules as expressed in *Neeley*. To hold otherwise, i.e., that a trial court has basically unfettered discretion to deny a motion to withdraw without prejudice, would undoubtedly lead to the filing of successive petitions for postconviction relief in many cases. We believe it is preferable for a petitioner to present all of his claims in one petition "to avoid a multiplicity of post-conviction petitions." *Neeley*, 269 Ind. at 591, 382 N.E.2d at 716.

In sum, because the record contains no showing of prejudice to the State from the prospect of allowing Tapia to withdraw his petition without prejudice, the trial court

erred in denying his motion. Accordingly, we reverse and remand with instructions to grant Tapia's motion to withdraw without prejudice.

Reversed and remanded with instructions.

FRIEDLANDER, J., and NAJAM, J., concur.