**LEVIN & SONS, INC., Appellant (Plaintiff Below),**

v.

**Robert D. MATHYS and Decatur Salvage Co., Inc., Appellees (Defendants Below).**

No. 2–1278A429.

Court of Appeals of Indiana, Second District.

Sept. 22, 1980.

David Peters, Fort Wayne, for appellant.

Jay M. DeVoss, DeVoss & Scott, Decatur, William P. Tedards, Jr., Washington, D. C., for appellees.

SHIELDS, Judge.

Levin & Sons, Inc. (Levin) appeals from the trial court's setting aside a judgment of dismissal and a subsequent granting of a partial summary judgment in favor of Robert D. Mathys (Mathys) and Decatur Salvage Co., Inc. (Decatur). Levin presents the following issues for our review:

(1) whether the trial court erred in setting aside its judgment of dismissal;

(2) whether the trial court committed reversible error in granting the partial summary judgment; and

(3) whether the judgment below needs to be clarified.

The pertinent facts are as follows:

February 13, 1975 Levin, the former employer of Mathys, brought an action against Mathys and his new employer, Decatur[1] to enforce the terms of a non–competition

---

1. Mathys and Decatur will be referred to as appellees unless the situation dictates they be referred to individually.

clause contained in the employment contract between Mathys and Levin. Specifically Levin sought: (1) a judgment against Mathys for $50,000; (2) $50,000 punitive damages against Mathys; (3) a permanent injunction against Mathys enjoining violations of the contract; (4) a judgment against Decatur for $50,000; (5) $50,000 punitive damages against Decatur, and (6) a permanent injunction against Decatur.

Appellees answered the complaint on March 27, 1975 denying the averments contained in the complaint and alleging the noncompetition clause was unconscionable and therefore null and void.

February 18, 1976 Levin amended its complaint. Levin now sought: (1) to enjoin Mathys from violating the contract; (2) to enjoin Decatur from interfering with the contract between Mathys and Levin; (3) punitive damages against Decatur, to be determined by the court for "exerting competitive pressures in the market place to the detriment and damage of plaintiff"; and (4) punitive damages against Decatur for interfering with the contract between Mathys and Levin.

Appellees answered the amended complaint on March 5, 1976 denying, for the most part, Levin's allegations and alleging the non-competition covenant was unconscionable and void as Mathys was illegally discharged from employment.

Several other motions not relevant to the issues presented were filed and ruled on and the case then proceeded on the amended complaint and answer.

Thereafter on April 15, 1977, before trial, Levin moved to dismiss its complaint on the basis Mathys was no longer employed by Decatur and the entire case was moot. The court granted the motion to dismiss, subject to payment of court costs.

**2.** A question is presented as to whether Mathys was a party to this motion. It will be discussed in context below.

June 14, 1977 appellees [2] filed a motion in the alternative that the judgment of dismissal be withdrawn or that it be allowed subject to payment by Levin of all expenses incurred by appellees in connection with the litigation.

November 2, 1977 a hearing was had on the motion and on December 15, 1977 the trial court withdrew its order for dismissal, reinstated the action, issued findings of fact and conclusions of law, and granted a partial summary judgment in favor of Decatur.

February 10, 1978 Levin filed two motions to correct errors, the first directed at the setting aside of the judgment of dismissal and the second directed at the findings of fact, conclusions of law, and partial summary judgment in appellees' favor. Both motions were overruled by the trial court and this appeal follows.

We need only address Levin's first contention as we hold it was error for the court to reinstate the previously dismissed action.

Levin's original Indiana Rules of Procedure Trial Rule 41(A)(2) motion was based and granted on the grounds of mootness. Mathys terminated his employment with Decatur on March 29, 1977 prompting Levin to move for dismissal because:

"Plaintiff now has reason to believe Robert D. Mathys is no longer in the employment of Decatur Salvage, Inc., and that the purpose in the filing of this lawsuit is now moot in view of the fact Robert D. Mathys is now in compliance with said employment agreement between himself and Levin & Sons, Inc., and in particular the restrictive covenant which was the subject matter of this lawsuit.

"Consequently, the question being moot, no good purpose would be served in the continuation of this lawsuit . .."

Subsequently, Decatur filed, pursuant to T.R. 41(F),[3] a motion for an order correcting or withdrawing judgment of dismissal which was granted by the court.[4]

We hold the court's granting of Levin's motion for dismissal was correct and the court's reinstatement of the action was reversible error.

There is little Indiana case law on the standard to be applied in determining whether to grant a T.R. 41(A)(2) voluntary dismissal. As the federal rule for voluntary dismissal, Fed.R.Civ.P. 41(A)(2), is identical, we have looked to the federal treatment of this issue for guidance. In 5 Moore's *Federal Practice* ¶ 41.05, at 41–72 (2 ed. 1948) the standard was stated as follows:

> "[A] dismissal without prejudice should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit. And that plaintiff may obtain some tactical advantage by dismissal is insufficient grounds for denial of the motion; substantial prejudice to the defendant should be the test. Where substantial prejudice is lacking the district court should exercise its discretion by granting a motion for voluntary dismissal without prejudice." (Citations omitted).

Decatur's motion for reinstatement was based on the ground that justiciable issues remained. First, we note of the four counts of Levin's amended complaint only two are arguably justiciable. The injunction counts aimed at enjoining Mathys from violating his contract and enjoining Decatur from interfering with the contract between Levin and Mathys are moot. Subsequent to Mathys' termination of his employment relationship with Decatur there was simply no

conduct to enjoin. An injunction aimed at further possible interference is also moot as the five year non–competition clause has expired due to the passage of time. The damage counts are arguably justiciable.

■■■ However, justiciability alone, or the fact Levin might reinstate his damage claim, is not ground for denying a T.R. 41(A) motion to dismiss and we hold it is also not good cause under T.R. 41(F) to warrant reinstatement of the action.

■■■ In determining whether to grant a voluntary dismissal "the court should follow the traditional principle that dismissals should be allowed unless the defendant will suffer some plain legal prejudice, other than the mere prospect of a second lawsuit." *State v. Holder*, 260 Ind. 336, 348, 295 N.E.2d 799, 801 (concurring opinion, J. Prentice); *See Lee–Moore Oil Co. v. Union Oil Co*, 441 F.Supp. 730 (D.C.N.C.1977). Decatur offered no example of any prejudice other than the fact some issues are still justiciable and that a second lawsuit causing them to incur further expense could be initiated. Thus, Decatur has not shown legal prejudice under the Indiana standard as discussed in *Holder* or substantial prejudice as illustrated in the above quote from Moore's *Federal Practice*.

In its motion for reinstatement Decatur neither alleged nor offered to prove it would suffer legal or substantial prejudice. For example, there was no allegation that Decatur had hired or desired to hire any other employee under contract with Levin. Thus, without any claim of legal or substantial prejudice, we hold good cause was not shown and the trial court abused its discretion in reinstating the action.

In fact, subsequent to the filing of this motion Mathys filed an affidavit with the court stating he advised Decatur he wanted no further involvement with this lawsuit and was not aware of the filing of this motion. Further, he asked the court to expunge his name from this motion.

---

3. T.R. 41(F) provides:
   "For good cause shown and within a reasonable time the court may set aside a dismissal without prejudice. A dismissal with prejudice may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B)."

4. It should be noted defendant Mathys took no part in the filing or processing of this motion.

This cause is reversed and remanded to the trial court with instructions to dismiss the reinstated claim.

BUCHANAN, C. J., and SULLIVAN, J., concur.