**Jose Angel TAPIA, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 45S03–0011–PC–708.

Supreme Court of Indiana.

Aug. 20, 2001.

Dale Allen, Merrillville, IN, Attorney for Appellant.

Karen Freeman–Wilson, Attorney General of Indiana, Andrew L. Hedges, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

A post-conviction court denied Jose Angel Tapia's request to withdraw without prejudice his petition for post-conviction relief. Tapia had no such right to withdraw his petition; our rules give post-conviction courts discretion in disposing of

such request. We find no abuse of the post-conviction court's discretion here.

### Background

The facts of petitioner Jose Angel Tapia's crime are detailed in our opinion on direct appeal. *See Tapia v. State,* 569 N.E.2d 655, 657 (Ind.1991). In short, Tapia was convicted of Murder[1] and Felony Murder[2] for killing a friend's grandmother while stealing a stereo. *Id.* at 656–57. On direct appeal, we affirmed his conviction in most respects, but remanded because the trial court had entered judgment and sentenced Tapia for both felony murder and murder in violation of the proscription against double jeopardy. *Id.* at 658.

In January, 1993, Tapia filed a petition for post-conviction relief, alleging that he received ineffective assistance of trial counsel. The post-conviction case appears to have sat dormant for another three years, as the record does not reflect any activity between early 1993 and early 1996. Frustrated by the slow pace of his case, Tapia sought leave to proceed *pro se,* which was granted by the post-conviction court in April, 1996.

Acting *pro se,* Tapia asked for an evidentiary hearing on his claims and the post-conviction court scheduled a hearing for May 20, 1997. On May 1, Tapia filed a motion to continue the hearing and a motion to amend his petition for post-conviction relief. The court denied these motions. Subsequently, Tapia filed a motion to withdraw his petition for post-conviction relief without prejudice. The court received this motion on May 19—the day before the hearing—although Tapia's certificate of service stated that he mailed it on May 14. The post-conviction court orally denied Tapia's motion during the hearing.

1. Ind.Code § 35–42–1–1 (1982).

2. *Id.*

On June 24, 1999, the post-conviction court denied Tapia's petition for relief by adopting the State's proposed findings of fact and conclusions of law. Tapia appealed and the Court of Appeals reversed, concluding that the post-conviction court was required to allow Tapia to withdraw his petition for post-conviction relief without prejudice unless the State could show that it would be harmed by the delay. *See Tapia v. State,* 734 N.E.2d 307, 310 (Ind. Ct.App.2000). We granted transfer, *Tapia v. State,* 741 N.E.2d 1259 (Ind.2000) (table), and now affirm the judgment of the post-conviction court.

I

Tapia contends that the post-conviction court should have granted either his joint motions for a continuance and to amend his petition or his subsequent motion for leave to withdraw his petition without prejudice. In reviewing these claims, the Court of Appeals analyzed whether the post-conviction court erred by denying Tapia the chance to withdraw without prejudice. *Tapia,* 734 N.E.2d at 310–11. The Court of Appeals analogized Tapia's argument to a civil plaintiff's motion for voluntary dismissal under Trial Rule 41(A)(2). *Id.* at 309. The Court of Appeals determined that such motions should be rejected only when the non-movant

> [W]ill suffer some prejudice other than the mere prospect of a second lawsuit. [Therefore] substantial prejudice to the defendant should be the test. Where substantial prejudice is lacking the district court should exercise its discretion by granting a motion for voluntary dismissal without prejudice.

*Tapia,* 734 N.E.2d at 310 (quoting *Levin & Sons, Inc. v. Mathys,* 409 N.E.2d 1195, 1198 (Ind.Ct.App.1980) (quoting in turn 5 Moore's Federal Practice § 41.05 (2d ed. 1948) (citations omitted))). Finding that the State would have suffered no harm if the post-conviction court granted Tapia's motion, the Court of Appeals reversed. *Tapia,* 734 N.E.2d at 310–11 ("In sum, because the record contains no showing of prejudice to the State from the prospect of allowing Tapia to withdraw his petition without prejudice, the trial court erred in denying his motion.").

[1] The types of motions at the heart of this case are primarily matters of trial court discretion, and appellate courts should review those matters only for an abuse of that discretion. As for the motion to withdraw that proved determinative in the Court of Appeals, the terms of Indiana Post–Conviction Rule 1(4)(c) give the trial court the discretion—but not a mandate—to allow the petitioner to withdraw the petition without prejudice: "[a]t any time prior to entry of judgment the court *may* grant leave to withdraw the petition." (emphasis added). Therefore the plain language of the Rule compels us to review the post-conviction court's actions in this regard under an abuse of discretion standard.

Outside of the plain language of the rule, two additional arguments support an abuse of discretion review. First, employing an abuse of discretion standard gives the post-conviction court the ability to curtail attempts by petitioners, including those in capital cases, to delay final judgment on their petitions. Second, abuse of discretion is the well-established standard of review for voluntary motions to dismiss in the somewhat rare cases when such motions are subject to appeal. *See Mattingly v. Whelden,* 435 N.E.2d 61, 64 (Ind.Ct.App. 1982) (using abuse of discretion standard to analyze the trial court's grant of summary judgment in lieu of his motion to dismiss under Trial Rule 41(A)(1)). *Cf. Federal Deposit Insurance Corporation v. Knostman,* 966 F.2d 1133, 1142 (7th Cir.

1992) ("The dismissal of a plaintiff's action without prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure is within the 'sound discretion of the district court' and may only be reversed if the appellant shows an abuse of that discretion.") (citation omitted).

■ Our reliance on the abuse of discretion standard invokes some of its well-worn contours. Typically, a fact-finding court is given discretion to act on an issue when it is in a better position than an appellate court to evaluate the factual context surrounding the issue. We will second-guess the fact-finding court only when it responds to that factual context in an unreasonable manner. Prof. Stroud has provided the following description of this standard of review:

> Abuse of discretion review, like all mixed question review, consists of an evaluation of facts in relation to legal formulae. In the final analysis, the reviewing court is concerned with the *reasonableness* of the action in light of the record.

4A Kenneth M. Stroud, Indiana Practice § 12.8 at 246 (2d ed. 1990) (emphasis in original). Therefore, a trial court's exercise of discretion should be upset only when the court reached " 'an erroneous conclusion and judgment, one *clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable and actual deductions* to be drawn therefrom.' " *Id.* (quoting *Dahnke v. Dahnke*, 535 N.E.2d 172, 174 (Ind.Ct.App.1989), *reh'g denied*). *See also McCullough v. Archbold Ladder Co.*, 605 N.E.2d 175, 180 (Ind.1993) ("Discretion is a privilege afforded a trial court to act in accord with what is fair and equitable in each case. An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law.").

■ Relying on cases determined under Indiana Trial Rule 41(A), the Court of Appeals concluded that a petitioner was *entitled* to withdraw a petition for post-conviction relief unless the State could make a "showing of prejudice." *Tapia,* 734 N.E.2d at 310.[3] However, as discussed *supra,* the Post–Conviction Rule grants the post-conviction court discretion to determine whether to allow a petitioner to withdraw a petition. *Id.* While prejudice to the non-moving party is one indicia of an abuse of discretion,[4] it is not a proxy

---

**3.** It is unclear how this standard would co-exist with the burden a petitioner bears on post-conviction appeal. Tapia, as an appellant in a post-conviction case, bears the burden to show that he is entitled to relief. *See, e.g., Ben–Yisrayl v. State*, 738 N.E.2d 253, 258 (Ind.2000). The standard used by Court of Appeals either requires him to prove a negative—*i.e.*, that the State would have suffered no prejudice if the motion was granted—or flips this typical burden on appeal—*i.e.*, by making the State (the appellee) establish that it would suffer harm if the motion was granted.

**4.** The Court of Appeals relied on language from our opinion in *Neeley v. State:*

> A proper interpretation of [Indiana Post–Conviction Rule 1(4)(c) ] is that the petition-

er has a conditional right to withdraw a previously filed petition for post-conviction relief, but it is not an absolute right and may be granted by the trial court absent any overriding prejudice which may result to the state by allowing the petitioner to withdraw his petition.

269 Ind. 588, 591, 382 N.E.2d 714, 716 (1978), *overruled on other grounds by German v. State*, 428 N.E.2d 234, 237 (Ind.1981). Nothing we say today contradicts with *Neeley*, as that case was silent as to the proper standard of review to apply to claims arising under Rule 1(4)(c)'s withdraw language. Like *Neeley*, we consider prejudice to the State, but emphasize that it is simply one factor to consider in an abuse of discretion analysis.

for the post-conviction court's discretion in the face of plain language in the Rule to the contrary.

■ Applying the abuse of discretion standard, we conclude that the post-conviction court's refusal to allow Tapia to withdraw his petition was not "clearly against the logic and effect of the facts and circumstances before the court." Stroud, *supra*. Paramount among the "facts and circumstances" surrounding Tapia's motion to withdraw is that fact that Tapia made little effort to explain what he would gain by delaying the proceedings. Tapia asserted that he "recently discovered substantial errors which he verily believes warrant relief." Tapia did not explain what these errors were or why he could not develop evidence to support them in the four years since he filed his petition for post-conviction relief.[5] The post-conviction court could balance what speculative benefit Tapia would derive from a delay against the costs to the court in wasted time, and conclude that Tapia was not entitled to withdraw his petition.[6] Without any valid explanation as to what would be gained from further delay, we cannot say that the post-conviction court abused its discretion by rejecting Tapia's motion.

■ Because the Court of Appeals determined that the post-conviction court erred by denying Tapia's motion to withdraw, it did not address his motion for a continuance or his motion to amend his petition. Again we analyze the post-conviction court's actions for abuse of discretion. First, it is well-established that we review the grant or denial of a continuance for abuse of discretion. *See Troutman v. State*, 730 N.E.2d 149, 151 (Ind.2000), *Wine v. State*, 637 N.E.2d 1369, 1379 (Ind. Ct.App.1994) ("[A post-conviction court's] decision whether to grant or deny a motion for a continuance is left to the sound discretion of the trial court."), *transfer denied*. Second, we review the post-conviction court's refusal to amend a petition for abuse of discretion because the Post–Conviction Rules state that any motion to amend made within 60 days of an evidentiary hearing may be granted only "by leave of the court." Ind. Post–Conviction Rule 1(4)(c).[7] Moreover, motions to amend civil complaints are also reviewed for abuse of discretion. *See Templin v. Fobes*, 617 N.E.2d 541, 543 (Ind.1993) ("The trial court has broad discretion when deciding whether to permit amendments to pleadings.").

■ We conclude that the post-conviction court did not abuse its discretion by denying these motions. Again Tapia failed to show what he would gain by forestalling the evidentiary hearing. Tapia's motion

---

5. Tapia did assert that he was pursuing DNA testing of certain evidence, but did not offer a valid explanation of what he hoped the testing would show or why this testing could not have been conducted and completed over the previous four years.

6. Also weighing in this balance is that fact that Tapia had already attempted to delay the hearing through motions to continue and to amend his petition. Viewing the facts as a whole, it is clear that Tapia's motion to withdraw was nothing more than a reassertion of these earlier motions.

7. This Rule was amended in 1995. Prior to that time, the Rule stated that "the petitioner shall be given leave to amend the petition *as a matter of right*." See Ind. Post–Conviction Rule 1(4)(c) (1994) (emphasis added). The Rule now provides that the "petitioner shall be given leave to amend the petition as a matter of right no later than sixty [60] days prior to the date the petition has been set for trial. Any later amendment of the petition *shall be by leave of the court*." (emphasis added). This change in Rule 1(4)(c) demonstrates our intent to grant the post-conviction court discretion when ruling on amendments within the 60–day period.

for a continuance asserted that he "recently discovered new issues" but never sets out what they were or how they could affect his post-conviction claims. He further failed to document why these issues could not have been developed in the four years leading up to the evidentiary hearing or at least prior to the 60–day period. He did assert that he was having difficulty developing these claims because of his inexperience in legal matters (*id.*), but we have consistently held that a "defendant who chooses to exercise his right to proceed pro se must accept the burden and hazards incidental to his position." *Kindred v. State*, 540 N.E.2d 1161, 1185 (Ind. 1989). As for his motion to amend, Tapia asserted only that he "recently discovered new grounds for relief" and that "in the interests of justice [he] should be allowed to present all issues know[n] to him...." Tapia failed to take the minimal step of setting out what new claims he would add to the petition. Tapia's motions did not present persuasive reasons to delay a hearing in a four-year-old case and the post-conviction court could reasonably decide not to grant them.[8]

## II

■ Tapia argues that he was entitled to post-conviction relief on his claims of ineffective assistance of trial counsel. In his original petition for post-conviction relief, Tapia asserted that his trial counsel was ineffective for failing to: (1) present testimony from Tapia's sister, who, Tapia claims, would have testified that Tapia's former girlfriend gave a damaging statement to police because the police threatened the girlfriend and because the girlfriend wanted to retaliate against Tapia for his infidelity when they were dating; (2) object to the fact that the State charged Tapia with both murder and felony murder; (3) contest the State's evidence as to the chain of custody for certain evidence; (4) challenge the qualifications of an expert witness; and (5) object to two jury instructions.

■ The post-conviction court rejected these claims, concluding in part that Tapia failed to carry the burden of proof. *See* Ind. Post–Conviction Rule 1(5) ("The petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence.").[9]

Despite the fact that he bore the burden of proof, Tapia presented no evidence to support his post-conviction claims. He called no witness during the hearing on his petition.[10] This failure was due in part

---

**8.** *Cf. Nyby v. Waste Management, Inc.*, 725 N.E.2d 905, 915 (Ind.Ct.App.2000) ("The Plaintiffs waited twelve years to assert a claim that could have been raised in their initial complaint. The Plaintiffs do not identify new evidence that was discovered during the course of the litigation that led them to seek this amendment. This court has refused to find an abuse of discretion where the trial court denied a motion to amend filed four years after the complaint and where there was no newly discovered evidence that justified the delay. Similarly, we conclude that the trial court could have reasonably found that the delay here was undue. The Plaintiffs have not shown that the trial court abused its discretion."), *transfer denied.*

**9.** Because a petitioner bears the burden of proving post-conviction claims, a petitioner whose claims are rejected appeals from a negative judgment. "On appeal from a negative judgment, to the extent this appeal turns on factual issues, the defendant must convince this Court that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the postconviction court." *Latta v. State*, 743 N.E.2d 1121, 1125 (Ind.2001).

**10.** Even the transcript of Tapia's trial is absent from the post-conviction record. It is practically impossible to gauge the performance of trial counsel without the trial record, as we have no way of knowing what

because of Tapia sought to continue the hearing, as discussed *supra*. However, the ineffective assistance of counsel claims were raised in Tapia's initial petition for post-conviction relief and did not relate to any new claims he sought to add to the petition. He had months to prepare his presentation of evidence on these claims, as the post-conviction court granted his request for a hearing on December, 9, 1996, but did not actually hear the case until May 20, 1997. Moreover, at the close of the evidentiary hearing, the post-conviction court gave Tapia the opportunity to present documentary evidence for up to 90 days after the hearing. Despite this offer, Tapia failed to put any documentary evidence into the record.[11] He also cited no evidence in his proposed findings of fact and conclusions of law. The total absence of evidence on any of Tapia's claims of ineffective assistance of counsel supports the post-conviction court's conclusion that Tapia did not meet his burden of proof.

### III

As a final matter, Tapia claims that a magistrate who issued several orders in his case lacked authority over his post-conviction proceedings because a special judge had been assigned to hear the case.[12] However, Tapia waived any claims in regards to the magistrate's authority because he failed to object. *See Floyd v. State*, 650 N.E.2d 28, 32 (Ind.1994) ("[I]t has been the long-standing policy of this court to view the authority of the officer appointed to try a case not as affecting the jurisdiction of the court. Therefore, the failure of a party to object at trial to the authority of a court officer to enter a final appealable order waives the issue for appeal."). *See generally* Ind. Evidence Rule 103.[13] Tapia suggests that we view the magistrate's purported lack of authority as fundamental error. However, Tapia cites no harm that he suffered because the magistrate, as opposed to the special judge, heard parts of his case. We therefore decline to examine further his claims of error in regards to the magistrate's authority. *Cf. Lucas v. State*, 552 N.E.2d 35, 36–37 (Ind.1990), *Rodgers v. Rodgers*, 503 N.E.2d 1255, 1257–58 (Ind.Ct.App.1987), *transfer denied.*

### Conclusion

Having previously granted transfer pursuant to Indiana Appellate Rule 11(B)(3),[14]

---

questions counsel asked, what objections he leveled, or what arguments he presented.

**11.** The only documents Tapia presented at all are attachments to an unverified memorandum in support of his petition for post-conviction relief. These documents—which purport to be an affidavit from his sister and transcripts of statements to the police—were not admitted as evidence and Tapia laid no foundation for their authenticity. *See* Ind. Evidence Rule 901. Although Tapia filed the memorandum with his petition for post-conviction relief in 1993, he failed to introduce properly the documents into evidence at his 1997 hearing—or at any time before or after the hearing. Tapia cannot rely on these documents as evidence.

**12.** Tapia also claims that the wrong judge signed the order that denied his motion for a continuance and his motion to amend his petition. Appellant's Br. at 19. However, the record clearly shows that this order was signed by the special judge who presided over Tapia's case.

**13.** Tapia argues that he objected to the magistrate's authority by asking her if he could appeal her rulings. Appellant's Reply Br. at 11. However, an objection must be "sufficiently specific to alert the trial judge fully of the legal issue." *Moore v. State*, 669 N.E.2d 733, 742 (Ind.1996), *reh'g denied.* Tapia's broad question as to whether he could appeal his case did not alert the magistrate to any challenge to her authority.

**14.** Now Ind. Appellate Rule 58.

thereby vacating the opinion of the Court of Appeals, we now affirm the denial of Tapia's petition for post-conviction relief.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.