**Ronie TUCKER, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 27S02–0206–PC–306.

Supreme Court of Indiana.

April 22, 2003.

---

Susan K. Carpenter, Public Defender of Indiana, Chris Hitz–Bradley, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Timothy W. Beam, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

On Petition To Transfer

DICKSON, Justice.

The defendant-appellant Ronie Tucker appeals from the post-conviction court's denial of his motion to withdraw his petition for post-conviction relief without prejudice.

Tucker was convicted of conspiracy to deal cocaine as a class A felony, and his conviction was affirmed. *Tucker v. State,* 630 N.E.2d 241 (Ind.Ct.App.1994). On June 2, 2000, he filed his *pro se* petition for post-conviction relief. The petition was set for hearing on December 11, 2000. Pursuant to Indiana Post–Conviction Rule 1(2), the trial court ordered a copy of the petition sent to the office of the Indiana Public Defender. The copy was sent on July 11, and on July 24 counsel entered an appearance for Tucker and filed a motion for continuance. The motion was granted, and the hearing was rescheduled for March 5, 2001. Tucker's counsel conducted discovery during December and January. On February 26, 2001, Tucker, by counsel, moved to withdraw his post-conviction petition without prejudice. Following the post-conviction court's denial of his motion, Tucker did not present evidence or argument at the post-conviction hearing, but instead renewed his motion to withdraw his petition without prejudice. The court denied relief and the Court of Appeals affirmed in a memorandum decision. Tucker sought and we granted transfer. *Tucker v. State,* 774 N.E.2d 517 (Ind.2002).

■ Tucker argues that he had a right to withdraw his post-conviction petition without prejudice absent a showing of substantial prejudice to the State, citing *Neeley v. State,* 269 Ind. 588, 382 N.E.2d 714 (1978) (overruled on other grounds by *German v. State,* 428 N.E.2d 234 (Ind.1981)).

In *Neeley,* we interpreted Indiana Post–Conviction Rule 1(4)(c), which states in part, "[a]t any time prior to entry of judgment the court may grant leave to withdraw the petition" to mean that a "petitioner has a conditional right to withdraw a previously filed petition for post-conviction relief, but it is not an absolute right and may be granted by the trial court absent any overriding prejudice which may result to the state by allowing the petitioner to withdraw his petition." *Id.* at 591, 382 N.E.2d at 716. This is essentially the same standard that governs a civil plaintiff's motion for voluntary dismissal under Indiana Trial Rule 41(A)(2). In *Levin & Sons, Inc. v. Mathys,* 409 N.E.2d 1195 (Ind.Ct.App.1980), the Court of Appeals determined that motions under Rule 41(A)(2) should be denied only when the non-moving defendant will suffer "substantial prejudice," and that "[w]here substantial prejudice is lacking the district court should exercise its discretion by granting a motion for voluntary dismissal without prejudice." *Id.* at 1198 (*quoting* 5 MOORE'S FEDERAL PRACTICE ¶ 41.05 (2d ed.1948)).

*Neeley* is silent concerning the standard of review to be used in reviewing motions to withdraw petitions for post-conviction relief. Following the denial of Tucker's motion to withdraw, and while his appeal was pending in the Court of Appeals, we decided *Tapia v. State,* 753 N.E.2d 581 (Ind.2001), holding that a post-conviction court's denial of a motion to withdraw is reviewed under an abuse of discretion standard. We emphasized that a trial court's exercise of discretion "should be upset only when the court reached an erroneous conclusion and judgment, one clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable and actual deductions to be drawn therefrom." *Id.* at 585 (omitting emphasis and internal quotation marks). We noted that, while prejudice to the non-moving party is one relevant indicator, "it is not a proxy for the post-conviction court's discretion. . . ." *Id.* at 585–86.

In its attempt to demonstrate prejudice, the State argues that it was required to spend unnecessary time responding to Tucker's claims, noting that it had objected to each of the two continuances obtained by Tucker, and arguing that Tucker did not attempt to amend or withdraw his petition more promptly. Noting that prejudice to the State is still a proper consideration in the abuse of discretion analysis, we stated in *Tapia* that, "nothing we say today contradicts with *Neeley* . . . ." *Id.* at 585 n. 4. There is no evidence to suggest that Tucker stood to gain any improper advantage by delay. To the contrary, the Public Defender's actions in this case appear to be diligent and timely.

■■■■ The Public Defender's Office operates under considerable strains. Under its statutory mandate, the Public Defender must provide counsel to represent every incarcerated indigent post-conviction petitioner. *See* Ind.Code § 33–1–7–2(a). Tucker asserts, and we agree, that, under this mandate, some delay in processing cases is inevitable. Reply Br. of Appellant at 6. As we have stated:

> Cases after trial and appeal, like Petitioner's case here, require a great deal of time since the client must be interviewed, his appellate record read, his trial and appellate attorneys interviewed, and all matters of legal and factual manner investigated before a decision can be made as to amendment of his petition.

*Holliness v. State,* 496 N.E.2d 1281 (Ind. 1986). If those strains affect counsel's ability to proceed, courts should be liberal in granting continuances and withdrawals. Courts should seek to avoid penalizing a petitioner for such delays by the Public

Defender's Office. As the Court of Appeals has explained:

> One arm of the state (the Prosecutor) may not take advantage of a delay created by another arm of the state (the Public Defender) to the detriment of the defendant. While we recognize the burdensome caseload of the Public Defender's Office and the high turnover of attorneys resulting in delays, as between a defendant and the State, the defendant will not be penalized for the delays.

*Douglas v. State,* 634 N.E.2d 811, 816 (Ind. Ct.App.1994).

These considerations, however, do not entitle the Public Defender's Office to pursue cases without efficiency and diligence. *See Fortson v. State,* 510 N.E.2d 1369 (Ind. 1987) (upholding a summary denial of a petition for post-conviction relief despite delay attributable to Public Defender's Office where attorney was on notice of imminent summary denial and took no action); *Wilhite v. State,* 273 Ind. 56, 402 N.E.2d 1211 (1980) (holding that delay was not attributable to Public Defender's Office despite defendant's contentions where defendant knew that appellate review was available, was advised to contact the public defender, and did not do so for four years).

The facts of the present case demonstrate that the Public Defender's Office has actively pursued Tucker's case since the date counsel entered his appearance and continuing through Tucker's motion to withdraw his petition for post-conviction relief and the appeals process.

The State also warns that permitting withdrawals without prejudice could allow a petitioner to use a post-conviction proceeding to "test" the State's responses and defenses on one ground, and then to withdraw and assert a different ground. It also cautions that permitting such withdrawals could pose a psychological hardship on the victims of a crime, who would

have to prepare again and again to confront the petitioner. The first concern is not persuasive. The availability of discovery and amended petitions presently enables a post-conviction petitioner to determine and respond to the State's responses. The second concern does not appear to apply in the present case. The motion to withdraw the petition without prejudice was filed one week before the scheduled hearing, and the State does not establish any particular resulting victim hardship.

Finding no indication of improper purpose for Tucker's motion to withdraw without prejudice, and finding no showing of substantial prejudice to the State, we conclude that the post-conviction court's refusal to permit Tucker to withdraw his petition for post-conviction relief without prejudice was clearly against the logic and effect of the facts and circumstances before the court. We reverse the post-conviction court and grant Tucker's motion to withdraw his petition for post-conviction relief without prejudice.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.