Anthony **TINKER**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee.**

No. 49A02–0310–PC–860.

Court of Appeals of Indiana.

April 13, 2004.

Transfer Denied June 17, 2004.

authority" and not matters "in" the record. 805 N.E.2d at 787–88.

Anthony Tinker, Pendleton, IN, appellant pro se.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy At-torney General, Indianapolis, IN, attorneys for appellee.

## OPINION

SULLIVAN, Judge.

Appellant, Anthony Tinker, challenges the post-conviction court's dismissal of his petition for post-conviction relief with prejudice, claiming that the trial court's decision was an abuse of discretion.

We affirm.

In March 1995, Tinker was convicted of three counts of attempted murder and sentenced to concurrent sentences of forty-five years upon each count. Upon direct appeal, a panel of this court affirmed Tinker's convictions. *See Tinker v. State*, No. 49A02–9504–CR–200, 665 N.E.2d 962 (Ind. Ct.App. June 10, 1996). Almost two years later, on April 29, 1998, Tinker filed his first pro se petition for post-conviction relief.[1] The protracted procedural history of Tinker's post-conviction journey then began.

In May 1998, Tinker's appointed counsel filed an appearance and, on June 24, 1998, moved to continue the hearing scheduled for July 22, 1998. The post-conviction court granted the continuance and ordered the public defender to advise the court upon readiness for a hearing. On July 10, 1998, Tinker filed pro se documents seeking to proceed pro se and requesting a hearing on his petition. Soon thereafter, on July 29, 1998, Tinker's counsel filed a motion to withdraw his appearance. The post-conviction court granted the motion to withdraw appearance, scheduled a post-conviction hearing for October 28, 1998, and declined to rule on Tinker's pro se motions.

---

1. Tinker fails to mention in his brief any of the procedural history concerning his first petition for post-conviction relief.

At the October 28 hearing, Tinker, pro se, requested and was granted a continuance. The court rescheduled the hearing for January 20, 1999. On January 13, 1999, Tinker moved for another continuance. The post-conviction court granted the motion and reset the hearing for April 28, 1999. On April 16, 1999, the State moved for a continuance, which the post-conviction court granted, rescheduling the hearing for June 6, 1999. At the June 6 hearing, Tinker again appeared pro se and orally moved for another continuance. The post-conviction court granted the motion and ordered Tinker to file a "motion of readiness for PCR." Appendix at 38.

On August 25, 1999, Tinker filed a motion for a hearing. The post-conviction court eventually scheduled a hearing for December 8, 1999. On October 7, 1999, Tinker filed a motion to consider the appointment of counsel, which the trial court denied. At the scheduled December 8 hearing, Tinker again appeared pro se and moved to dismiss his petition for post-conviction relief. The State did not object, and the post-conviction court dismissed Tinker's petition without prejudice.

Not quite one year later, on November 27, 2000, Tinker filed his second pro se petition for post-conviction relief, which is the subject of the current appeal.[2] A hearing on this petition was set for April 25, 2001. Tinker's newly appointed counsel filed an appearance on December 19, 2000, and on April 4, 2001, moved for a continuance.[3] This motion was granted, and a hearing date of October 24, 2001 was set. On October 19, 2001, Tinker filed another motion for continuance, which the post-conviction court granted shortly thereafter, setting yet another hearing date for March 13, 2002. Tinker moved for an additional continuance on February 28, 2002. On March 1, 2002, the post-conviction court granted the continuance and reset the hearing for October 9, 2002.

The chronological case summary indicates that, due to a computer error, the October 9 hearing was not scheduled. The post-conviction court therefore scheduled a hearing on Tinker's post-conviction petition to be held on October 23, 2002. Tinker moved for another continuance on October 17, 2002. The post-conviction court granted the continuance and set the hearing for April 23, 2003. Before the hearing could be held, Tinker's counsel filed a motion to withdraw her appearance and to continue the hearing. The verified motion states in part:

"3. Undersigned counsel certifies Petitioner has been consulted regarding the grounds raised in the *pro se* petition, as well as other possible grounds.

4. Undersigned counsel certifies appropriate investigation has been conducted, including a review of all pertinent transcripts.

5. Petitioner Tinker was recently notified that undersigned counsel would be moving to withdraw the appearance of the State Public Defender under Ind.Post-Conviction Rule § 1(9)(c).

**2.** If the trial court's grant of Tinker's motion to withdraw the first petition were to be considered a decision upon the merits, Tinker would have been required to seek permission to file a successive petition pursuant to Post Conviction Rule 1 § 12. There is no indication in the record that Tinker sought or was granted such permission. As the State presents no argument in this regard,

we will proceed as if Tinker's second petition was properly filed without seeking leave to file a successive petition.

**3.** Tinker also fails to mention in his brief any of the continuances requested and granted in the course of his second petition for post-conviction relief.

6. Petitioner Tinker has notified counsel that he wishes to exercise his right to proceed *pro se*, but he cannot be prepared by the April 23, 2003, hearing date.

7. This motion to continue is not intended to frustrate the State or prejudice the proceedings in any way. A message was left by telephone with [the deputy prosecutor]. It is assumed that she would object to the continuance because it is her practice to do so...." Appendix at 93–94.

The post-conviction court granted this combined motion on April 3, 2003, and reset the hearing for July 30, 2003.

At the July 30 post-conviction hearing, Tinker appeared pro se. At the hearing, Tinker claimed that a worker at the prison law library had prepared his petition and that he was unable to represent himself. The post-conviction court explained to Tinker that, by signing the verified post-conviction petition, he "adopted everything that was signed in that petition as [his] own." Transcript at 3. Tinker indicated that he understood this. The post-conviction court then took note of the verified motion to withdraw appearance and noted that no further continuance motions had been filed. After the post-conviction court indicated that "we're going to have a hearing today," Tinker moved to dismiss his petition without prejudice, again claiming that he was unprepared. *Id.* at 5. When asked by the court why he had not indicated his lack of preparedness earlier, Tinker responded that his former counsel had not

informed him that he would be proceeding pro se. The post-conviction court discredited this explanation based upon the contents of the verified motion to withdraw appearance and the fact that Tinker had a few minutes earlier told the court that his former counsel had informed him that he would be proceeding pro se. The post-conviction court reiterated its unwillingness to continue the cause any further, either by continuance or by granting a motion to withdraw the petition without prejudice. Tinker restated that he was unprepared or unable to represent himself. The following exchange then took place between the post-conviction court and Tinker:

"THE COURT: ... So do you wish to present any evidence in support of your petition for post-conviction relief? If you wish to withdraw it, I will grant your request to withdraw but that will not be without prejudice, meaning you can't file it again without special leave of the appellate courts.

THE PETITIONER: Yes, I'll withdraw.

THE COURT: And that's going to be with prejudice, meaning you can't file again.

THE PETITIONER: Okay." *Id.* at 6–7.

The post-conviction court then dismissed the petition with prejudice. It is from this dismissal which Tinker now appeals.

 Tinker argues that the trial court erred by denying his request to withdraw his petition without prejudice.[4] The au-

---

4. We reject Tinker's argument that the State acquiesced in his motion to withdraw the petition without prejudice and therefore cannot be heard to argue against such now. We will not consider this argument for the reason that Tinker presents it for the first time in his reply brief. *See* Ind. Appellate Rule 46(C). Further, whether or not the State objected to

Tinker's motion to withdraw, the final decision rested with the post-conviction court. The State's alleged acquiescence does not mean that Tinker wins by default upon appeal. Such a result would deprive the post-conviction court of its discretion in such matters. Moreover, it could be argued that Tinker acquiesced in the withdrawal of his peti-

thority of the court to grant a motion to withdraw a petition for post-conviction relief is governed by Indiana Post Conviction Rule 1 § 4(c), which states in part, "At any time prior to entry of judgment the court may grant leave to withdraw the petition." Our Supreme Court expounded upon this rule in *Tapia v. State*, 753 N.E.2d 581 (Ind.2001). In *Tapia*, the petitioner filed a post-conviction petition in January 1993. After the case sat dormant for three years, Tapia became frustrated and was granted leave to proceed pro se. Tapia requested a hearing, which the post-conviction court set for May 20, 1997. On May 1, 1997, Tapia moved to continue the hearing and to amend his petition. The post-conviction court denied both motions. Tapia subsequently moved to withdraw his petition for post-conviction relief without prejudice. At the scheduled hearing, this motion was denied.

Upon appeal, a panel of this court reversed, holding that the post-conviction court was required to allow the withdrawal without prejudice absent a showing that the State would be harmed by the delay. *Tapia v. State*, 734 N.E.2d 307 (Ind.Ct. App.2000). Our Supreme Court granted transfer and affirmed the post-conviction court's decision, holding that Rule 1 § 4(c) gives trial court discretion, not a mandate, to allow petitioners to withdraw the petition without prejudice. *Tapia*, 753 N.E.2d at 585–86. Applying this standard to the case before it, the Court considered that Tapia had made little effort to explain what he would have gained by delaying the proceedings. *Id.* at 586. Although Tapia

asserted that he had recently discovered substantial errors, he did not explain what these errors were or why he had been unable to develop evidence to support them in the four years since he had filed his post-conviction petition. *Id.* The Court concluded:

> "The post-conviction court could balance what speculative benefit Tapia would derive from a delay against the costs to the court in wasted time, and conclude that Tapia was not entitled to withdraw his petition. Without any valid explanation as to what would be gained from further delay, we cannot say that the post-conviction court abused its discretion by rejecting Tapia's motion." *Id.* (footnote omitted)

*See also Ford v. State*, 755 N.E.2d 1138 (Ind.Ct.App.2001) (following *Tapia* and holding that post-conviction court did not abuse its discretion in denying motion to withdraw petition on day of hearing where petitioner had done little to explain what he would have gained by any delay).

Tinker claims that he had a right to withdraw his petition without prejudice absent a showing of prejudice to the State, citing the more recent decision of our Supreme Court in *Tucker v. State*, 786 N.E.2d 710 (Ind.2003), *reh'g denied.* In that case, the petitioner had filed his petition for post-conviction relief on June 2, 2000, and a hearing thereon was set for December 11, 2000. Counsel was appointed to represent Tucker, and this counsel moved for a continuance. The continuance was granted, and the hearing rescheduled for March 5, 2001. Tucker's counsel con-

---

tion with prejudice. The post-conviction court did not, as Tinker claims, force him to withdraw. Tinker was given the option to present his case but insisted that he was unable to do so. When given the choice of proceeding with the hearing or withdrawing his petition with prejudice, and after having the implications of such withdrawal explained

to him by the post-conviction court, Tinker agreed to withdraw his petition. In this sense, Tinker's current claim is akin to invited error, which is not subject to appellate review. *See Kingery v. State*, 659 N.E.2d 490, 494 (Ind.1995). However, the State does not present this argument.

ducted discovery in December and January. Then on February 26, 2001, Tucker, by counsel, moved to withdraw the post-conviction petition without prejudice. The trial court denied the motion to withdraw. At the hearing, Tucker renewed his motion without success.

Upon appeal, a panel of this court affirmed the post-conviction court in an unpublished memorandum decision. *See Tucker v. State*, No. 27A02–0105–PC–341, 757 N.E.2d 234 (Ind.Ct.App. October 26, 2001). Our Supreme Court granted transfer and reversed the post-conviction court's decision. Tucker claimed a right to withdraw his petition absent a showing of "substantial prejudice" to the State, citing *Neeley v. State*, 269 Ind. 588, 382 N.E.2d 714 (1978). In *Neeley*, our Supreme Court had interpreted Rule 1 § 4(c) to mean that a " 'petitioner has a conditional right to withdraw a previously filed petition for post-conviction relief, but it is not an absolute right and may be granted by the trial court absent any overriding prejudice which may result to the state by allowing the petitioner to withdraw his petition.' " *Tucker*, 786 N.E.2d at 712 (quoting *Neeley*, 269 Ind. at 591, 382 N.E.2d at 716). The *Tucker* Court observed that this is essentially the same standard used in civil motions for voluntary dismissal under Trial Rule 41(A)(2). 786 N.E.2d at 712. The Court then noted that in *Levin & Sons, Inc. v. Mathys*, 409 N.E.2d 1195 (Ind.Ct. App.1980), the Court of Appeals had held that motions under Trial Rule 41(A)(2) "should be denied only when the non-moving defendant will suffer 'substantial prejudice,' " and that where substantial preju-

dice is lacking, the trial court " 'should exercise its discretion by granting a motion for voluntary dismissal without prejudice.' " *Tucker*, 786 N.E.2d at 712 (quoting *Levin*, 409 N.E.2d at 1198). The *Tucker* Court stated that *Tapia* did not contradict *Neeley*, but merely set forth the standard used to review such motions upon appeal. 786 N.E.2d at 712. Despite its reference to language from *Neeley*, the *Tucker* Court reiterated that while prejudice to the non-moving party is a relevant indicator, it is " 'not a proxy for the post-conviction court's discretion.' " 786 N.E.2d at 712 (quoting *Tapia*, 753 N.E.2d at 585–86).

Applying the law to the situation before it, the *Tucker* Court observed that there was no evidence that Tucker stood to gain any improper advantage by the delay and that the public defender's actions appeared to be diligent and timely. The Court also rejected the State's claims of prejudice.[5] The Court therefore held:

> "Finding no indication of improper purpose for Tucker's motion to withdraw without prejudice, and finding no showing of substantial prejudice to the State, we conclude that the post-conviction court's refusal to permit Tucker to withdraw his petition for post-conviction relief without prejudice was clearly against the logic and effect of the facts and circumstances before the court." *Tucker*, 786 N.E.2d at 713.

From these cases we may discern that while the *Neeley* decision suggested that petitioners have a right to withdraw their petitions absent a showing of prejudice to

---

**5.** The State's claims of prejudice were that petitioners could use a petition to test the State's response on one ground, and then withdraw and assert a different ground for relief, and that victims of criminals might have to repeatedly prepare to confront the petitioner. As to the first claim, the Court

observed that the availability of discovery and amended petitions enables post-conviction petitioners to determine and respond to the State's responses. *Id.* at 713. The Court rejected the State's other claim of prejudice because such concern did not apply in that case. *Id.*

the State, *Tapia* clarified that there is no absolute right to withdraw. The *Tucker* Court also tried to reconcile any inconsistency between *Neeley* and *Tapia* but reaffirmed what it had held in *Tapia*—that prejudice to the State is but one factor to be considered. Also, the *Tucker* Court restated that the trial court's decision will be reviewed for an abuse of discretion.

■ In the case before us, we simply cannot say that the trial court's decision amounts to an abuse of discretion. In the course of his first petition for post-conviction relief, Tinker was granted three continuances, and the hearing was once rescheduled after Tinker's counsel withdrew his appearance. Two of Tinker's continuance motions were made at hearings on his petition. After appearing at a third hearing, Tinker was allowed to withdraw his petition without prejudice. With regard to his current petition, Tinker received five continuances. After his counsel informed him that she was withdrawing from the case (and successfully moved to continue the hearing), Tinker appeared at the hearing claiming to be unprepared. Tinker's only excuse was a claim that he was not aware that he was proceeding without counsel. The post-conviction court was within its discretion to discredit that claim based upon Tinker's own statement.

■ Although the State does not refer to any substantial prejudice that would result had Tinker been allowed to withdraw his petition without prejudice, this is but one factor to be considered by the post-conviction court. *See Tucker*, 786 N.E.2d at 712; *Tapia*, 753 N.E.2d at 585–86. Given the number of times that Tinker had appeared at scheduled hearings, it may reasonably be inferred that the court and the State would suffer the costs of wasted time and preparation if Tinker were again allowed to withdraw his petition without prejudice. *See Tapia*, 753 N.E.2d at 586; *Ford*, 755 N.E.2d at 1143.

Almost three years elapsed between the filing of Tinker's second post-conviction petition and the July 30, 2003 hearing. Tinker claims that he had "only" 119 days, i.e., the time between his counsel's withdrawal and the hearing, to prepare or hire another attorney. However, Tinker has not adequately explained why the time he had already been given was inadequate. *Cf. Tapia*, 753 N.E.2d at 586; *Ford*, 755 N.E.2d at 1142–43. And unlike the case in *Tucker*, we cannot say that Tinker has been either diligent or timely in his actions in this case. *See* 786 N.E.2d at 712. As a result, we hold that the trial court did not abuse its discretion by denying Tinker another opportunity to withdraw his petition for post-conviction relief without prejudice.[6]

The judgment of the post-conviction court is affirmed.

ROBB, J., and BROOK, Sr.J., concur.

---

6. As noted by the post-conviction court, Tinker is not totally barred from filing another petition for post-conviction relief. Post Conviction Rule 1 § 12 permits defendants to ask this court to authorize the filing of successive petitions if the petitioner establishes a reasonable possibility that he is entitled to post-conviction relief.