**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**LOUIS O'NEAL**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LOUIS O'NEAL, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1302-PC-58 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Terry C. Shewmaker, Judge
Cause No. 20C01-0608-FA-64

**October 18, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Pro-se petitioner Louis O'Neal ("O'Neal") appeals the denial of his motion to withdraw his post-conviction petition, without prejudice. He presents the sole issue of whether the post-conviction court abused its discretion by refusing to allow the withdrawal.[1] We affirm.

**Facts and Procedural History**

On March 27, 2008, O'Neal pled guilty to Possession of Cocaine, Dealing in Cocaine, Unlawful Possession of a Handgun by a Serious Violent Felon, and Possession of Marijuana with Intent to Deliver. He was sentenced to an aggregate term of forty years imprisonment. O'Neal appealed his sentence. On March 9, 2009, the sentence was affirmed. O'Neal v. State, 20A03-0810-CR-486 (Ind. Ct. App. 2009), trans. denied.

On June 15, 2010, O'Neal filed a pro-se petition for post-conviction relief. He was appointed a public defender. On June 9, 2011, the State Public Defender filed a notice of withdrawal of appearance and certification pursuant to Indiana Post-Conviction Rule 1(9)(c). On July 18, 2011, O'Neal filed a pro-se motion to dismiss, directed toward vacating the underlying charge and conviction.

On September 1, 2011, a hearing was conducted, at which the post-conviction court addressed a "Motion to Dismiss pending relating to the absence of a "PC" cause number." (App. 9.) The post-conviction stated that it "dismissed" the motion to dismiss, without prejudice. (Tr. 11, 22.) O'Neal advised the court that "he is unprepared to proceed [on] this

_____

[1] The State, in its appellee's brief, articulates a second issue and addresses the propriety of the denial of post-conviction relief on the merits. However, O'Neal did not raise this as an issue for appellate review.

2

date on his PCR Petition" and the hearing was continued at his request so that he could obtain counsel. (App. 9.) On December 9, 2011, O'Neal filed a motion for change of venue from the judge, and the post-conviction court set the matter for hearing.

On May 31, 2012, a hearing was conducted at which O'Neal appeared pro-se and filed a motion to withdraw his petition for post-conviction relief, without prejudice.[2] He advised the post-conviction court that his mother had obtained counsel to represent him, although O'Neal had not yet met his counsel. O'Neal was informed that if no counsel filed a written appearance by June 28, 2012, the pending matters would be heard on November 29, 2012.

As of June 28, 2012, no attorney had filed an appearance on O'Neal's behalf. On November 29, 2012, the post-conviction court conducted a hearing on O'Neal's motion to withdraw his petition, motion for change of judge, and petition for post-conviction relief. O'Neal was denied leave to withdraw his petition. He presented no witnesses or documentary evidence. On January 28, 2013, the post-conviction court entered an order denying O'Neal post-conviction relief. This appeal ensued.

**Discussion and Decision**

O'Neal argues that he had a right to withdraw his petition for post-conviction relief, without prejudice, because the State would have suffered no prejudice from withdrawal. He also emphasizes that the post-conviction court apparently believed, in error, that O'Neal had been afforded a prior withdrawal of a petition for post-conviction relief.

---

[2] The Chronological Case Summary for that date includes the notation: "The Court notes the Deft has previously w/drawn a PCR Petition at the suggestion of the State PD and agreed to by Deft." (App. 10.) The notation appears to erroneously refer to the dismissal of a pro-se motion to dismiss the underlying criminal charges (asserting as grounds for relief the absence of a post-conviction cause number) as if it were a motion for dismissal of a petition for post-conviction relief.

Indiana Post-Conviction Rule 1(4)(c) provides in relevant part: "At any time prior to entry of judgment the court may grant leave to withdraw the petition." We will overturn a post-conviction court's grant or denial of a motion to withdraw a petition only when the court reached an erroneous conclusion and judgment, one clearly against the logic and effect of the facts and circumstances before the court or the reasonable inferences to be drawn therefrom. Thomas v. State, 965 N.E.2d 70, 74-75 (Ind. Ct. App. 2012), trans. denied.

The task of the post-conviction court is to balance the benefit a petitioner would derive from a delay against the costs to the court in wasted time. See Tapia v. State, 753 N.E.2d 581, 586 (Ind. 2001). While prejudice to the non-moving party is one relevant indicator, "'it is not a proxy for the post-conviction Court's discretion.'" Tucker v. State, 786 N.E.2d 710, 712 (Ind. 2003) (quoting Tapia, 753 N.E.2d at 585-86).

Here, there was apparent confusion about O'Neal's prior motion to dismiss filed after the initiation of post-conviction proceedings. During the November 29, 2012 hearing, the post-conviction court observed: "You previously withdrew a post-conviction relief petition at the suggestion of the State PD." (Tr. 28.) However, this appears to be an erroneous observation. At the May 31, 2012 hearing, O'Neal orally and in writing moved to withdraw his petition for post-conviction relief without prejudice, but the post-conviction court did not rule on the motion.

The post-conviction court had previously ruled on a motion to dismiss filed by O'Neal, albeit one that did not seek to withdraw his petition for post-conviction relief. O'Neal's motion to dismiss, although filed in post-conviction proceedings, was brought

4

pursuant to Indiana Code section 35-34-1-4(a)(11), which provides for dismissal of an indictment or information under some circumstances. Apparently, O'Neal had come to believe that his post-conviction petition had not been assigned a post-conviction cause number and thus he was entitled to have the original charge and conviction vacated. The post-conviction court advised O'Neal of his post-conviction cause number and dismissed the motion. Although the post-conviction court later made reference to a prior motion to dismiss, it was in actuality not a motion to dismiss a petition for post-conviction relief but was – strictly speaking – a post-conviction motion seeking dismissal of a charge that had already resulted in conviction. O'Neal suggests that the misapprehension automatically entitles him to relief. We disagree.

Approximately two and one-half years after the filing of his petition for post-conviction relief, O'Neal had no witnesses or documentary evidence to produce at the post-conviction hearing. More importantly, he did not advise the post-conviction court what might be gained from further delay if his motion to withdraw were to be granted.

Having pled guilty, O'Neal was confined to strict parameters in asserting his entitlement to post-conviction relief. A post-conviction claim challenging a conviction pursuant to a guilty plea is examined under Segura v. State, 749 N.E.2d 496 (Ind. 2001). Segura categorizes two main types of ineffective assistance of counsel cases: (1) failure to advise the defendant on an issue that impairs or overlooks a defense, and (2) an incorrect advisement of penal consequences. Smith v. State, 770 N.E.2d 290, 295 (Ind. 2002). In order to set aside a conviction because of an attorney's failure to raise a defense, a petitioner

who has pled guilty must establish that there is a reasonable probability that he or she would not have been convicted had he or she gone to trial and used the omitted defense. Segura, 749 N.E.2d at 499 (citing State v. Van Cleave, 674 N.E.2d 1293, 1306 (Ind. 1996)).

In his petition for post-conviction relief, O'Neal claimed that his counsel was ineffective for failing to conduct a professional investigation, interview witnesses, and subject the prosecution's case to meaningful adversarial testing. According to O'Neal's petition, "conviction would have been impossible without the testimony of felon witnesses." (App. 21.) However, O'Neal pled guilty after advisement that he would be giving up his right to a trial and his right to call witnesses on his behalf. A plea of guilty constitutes a waiver of the right to trial. Gosnell v. State, 439 N.E.2d 1153, 1155 (Ind. 1982). Accordingly, O'Neal's decision to plead guilty foreclosed counsel's ability to continue with trial preparations, develop a defense, or challenge witnesses.

He claimed, in his post-conviction petition, that counsel failed to object to a sentence as "erroneous, contrary to law, and in violation of Due Process and Due Course of Law of the United States and Indiana Constitution." (App. 29.) However, O'Neal challenged his sentence on direct appeal and thus his opportunity to continue to challenge the sentence, or allege his counsel's ineffectiveness related to the sentence, was foreclosed. See Stephenson v. State, 864 N.E.2d 1022, 1028 (Ind. 2007) (observing, if an issue was raised and decided on direct appeal, it is res judicata).[3] A delay would have provided no assistance to O'Neal in

---

[3] Post-conviction procedures do not afford petitioners with a "super-appeal"; rather, the post-conviction rules contemplate a narrow remedy for subsequent collateral challenges to convictions. Reed v. State, 856 N.E.2d 1189, 1194 (Ind. 2006). The purpose of a petition for post-conviction relief is to provide

6

this regard.

O'Neal asserted that he is "actually innocent of murder" and DNA testing may exonerate him. (App. 44.) However, he was convicted of drug-related charges. He additionally claimed that he was incompetent to stand trial and the trial court should have undertaken greater efforts to discover his incompetence. Nevertheless, the record indicates that trial counsel filed a motion to determine O'Neal's competency; on November 13, 2006, the motion was granted. Based upon reports from Dr. Salvador Cenciceros and Dr. Carl N. Rutt, the trial court found O'Neal competent to stand trial. Moreover, to the extent that O'Neal attempted to raise freestanding fundamental error claims, such claims are not reviewable in a post-conviction proceeding. Sanders v. State, 765 N.E.2d 591, 592 (Ind. 2002). In sum, there is no indication of record that an additional delay would have been beneficial to O'Neal in developing his bald assertions.

The State had appeared at hearings prepared to litigate the merits of the post-conviction petition. O'Neal had then represented to the post-conviction court that he had obtained counsel or alternately intended to procure counsel. No counsel entered an appearance, and O'Neal requested successive appointed counsel. Upon denial of that request, O'Neal insisted that he was unable to proceed pro-se: "I'm not versed to help myself at this time." (Tr. 33.) Any benefit that he could expect from a delay was highly speculative.

---

petitioners the opportunity to raise issues not known or available at the time of the original trial or direct appeal. Stephenson v. State, 864 N.E.2d 1022, 1028 (Ind. 2007). If an issue was known and available but not raised on direct appeal, the issue is procedurally foreclosed. Id. If an issue was raised and decided on direct appeal, it is res judicata. Id. Moreover, collateral challenges to convictions must be based upon grounds enumerated in the post-conviction rule. Shanabarger v. State, 846 N.E.2d 702, 707 (Ind. Ct. App. 2006), trans. denied; see also Post-Conviction Rule 1(1).

The post-conviction court could properly balance a specious benefit against a waste of judicial resources. See Tapia, 753 N.E.2d at 586 (holding that Tapia was not entitled to withdraw his petition "without any valid explanation as to what would be gained from further delay"). It was not an abuse of the post-conviction court's discretion to refuse to allow O'Neal to withdraw his petition for post-conviction relief.

Affirmed.

MAY, J., and BRADFORD, J., concur.