**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Apr 26 2012, 8:07 am

*Kevin S. Smith*

**CLERK**

of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**TODD ANDERSON**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TODD ANDERSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1110-PC-596 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D04-0811-PC-124

**April 26, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

In 2006, Todd Anderson was convicted of attempted criminal deviate conduct, a class B felony, attempted rape, a class B felony, and sexual battery, a class D felony, and was determined to be a habitual offender. Anderson, *pro se,* appeals the post-conviction court's denial of his petition for post-conviction relief (PCR petition), which challenged those convictions. Anderson presents a single issue for review: did the trial court err in summarily denying his PCR petition.

We affirm.

These convictions stemmed from acts Anderson committed and attempted to commit on a twenty-six-year-old, mentally handicapped woman. The underlying facts were set out in detail in this court's unpublished opinion affirming Anderson's convictions, and need not be repeated here. *See Anderson v. State*, No. 02A03-0703-CR-91 (Ind. Ct. App. Sept. 5, 2007), *trans. denied.* The issues presented and addressed upon direct appeal included the following: "Were out-of-court statements the victim made to her guardian, her aunt, and the sexual assault examiner improperly admitted….? Did the trial court abuse its discretion in excluding evidence that the victim had previously given birth to a child? Did the trial court abuse its discretion in sentencing Anderson?" *Id*., slip op. at 1.

The facts relevant to this appeal are on November 21, 2008, following the adverse decision on direct appeal, Anderson, *pro se*, filed a PCR petition presenting five issues for review. Those issues included the following: (1) Did the trial court abuse its discretion in sentencing Anderson; (2) did the trial court erroneously admit into evidence out-of-court statements the victim made to her aunt, her guardian, and the sexual assault examiner; (3) did Anderson's conviction violate double jeopardy principles; (4) did the trial court err in

2

excluding evidence that the victim had previously given birth to a child; and (5) did the trial court abuse its discretion in permitting the State to file the habitual offender allegation?

The case was referred to the State Public Defender's Office (the Public Defender), which entered an appearance on Anderson's behalf on December 19, 2008. The Public Defender checked out the direct appeal record in October 2010 and returned it to the court in August 2011. On July 22, 2011, the Public Defender submitted a motion to withdraw from representation, which was granted on August 2, 2011. On August 23, 2011, Anderson filed "a Motion to Withdraw Petition for Post-Conviction Relief Without Prejudice." *Appellant's Appendix* at 4. The trial court denied that motion the same day it was filed. On October 6, 2011, the State submitted its Motion for Denial of Post-Conviction Relief Without Further Proceedings. The motion was based upon the arguments that PCR Issues 1-3 were identical to the issues addressed in Anderson's direct appeal, and Issues 4 and 5 were presented in free-standing form and as such were impermissible because they were available on direct appeal. *See Baer v. State*, 942 N.E.2d 80 (Ind. 2011). The post-conviction court granted the motion to deny on October 11 upon its finding that the pleadings conclusively showed that Anderson was not entitled to relief. Anderson appeals that ruling.

We note at the outset that in a post-conviction proceeding, the petitioner bears the burden of establishing his claims for relief by a preponderance of the evidence. *Kubsch v. State*, 934 N.E.2d 1138 (Ind. 2010). When appealing from the denial of a PCR petition, the petitioner stands in the position of one appealing from a negative judgment and therefore must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id.* We further observe that the post-

conviction court is the sole judge of the weight of the evidence and credibility of witnesses. *Fisher v. State*, 810 N.E.2d 674 (Ind. 2004). Therefore, its findings and judgment will be reversed only upon a showing of clear error, i.e., that which leaves us with a definite and firm conviction that a mistake has been made. *Kubsch v. State*, 934 N.E.2d 1138.

Anderson contends the trial court erred in denying his PCR petition without first giving him an opportunity to amend it. He contends Ind. Post-Conviction Rule 1.4(c) grants him this right. P-C.R. 1.4(c) provides: "At any time prior to entry of judgment the court may grant leave to withdraw the petition. The petitioner shall be given leave to amend the petition as a matter of right no later than sixty [60] days prior to the date the petition has been set for trial. Any later amendment of the petition shall be by leave of the court."

Our Supreme Court clarified in *Tapia v. State*, 753 N.E.2d 581 (Ind. 2001) that we review rulings on motions to amend PCR petitions for an abuse of discretion. In conducting this review, we accord a post-conviction court "discretion to act on an issue when it is in a better position than an appellate court to evaluate the factual context surrounding the issue. We will second-guess the fact-finding court only when it responds to that factual context in an unreasonable manner." *Id*. at 585. Specifically, the "'[a]buse of discretion review, like all mixed question review, consists of an evaluation of facts in relation to legal formulae. In the final analysis, the reviewing court is concerned with the *reasonableness* of the action in light of the record.'" *Id*. (quoting 4A Kenneth M. Stroud, Indiana Practice § 12.8 at 246 (2d ed. 1990)) (emphasis in original). Accordingly, we will reverse the post-conviction court's exercise of discretion only if we are convinced it reached a conclusion that was "*clearly against the logic and effect of the facts and circumstances before the court or the reasonable,*

4

*probable and actual deductions* to be drawn therefrom.'" *Tapia v. State*, 753 N.E.2d at 585 (quoting 4A Kenneth M. Stroud, Indiana Practice § 12.8 at 246) (emphasis in original).

Anderson's argument contains two allegations of error: (1) that he was not permitted to amend his complaint, and (2) the trial court erred in denying his PCR petition. It appears to us, however, that his claim of error relative to the denial of his PCR petition does not involve a claim that the PCR petition, as originally filed, should not have been denied. Indeed, the post-conviction court was clearly correct in denying the PCR petition on the basis of its merits as originally filed. Rather, his claim of error with respect to the denial of his PCR petition relies entirely upon him prevailing on the first argument, i.e., that the trial court erred in not allowing him to first amend his complaint.

The appendix Anderson filed in this appeal contains only (1) this court's order granting Anderson's motion for a copy of the record, (2) the post-conviction court's terse order denying his PCR petition, and (3) the chronological case summary (CCS), beginning with the charging informations, through and including the Notice of Completion of Clerk's Record filed in conjunction with the present appeal. We find no indication that Anderson filed a motion to amend his PCR petition, nor of anything even approximating a motion to amend. We do find an entry on August 23, 2011 that states: "Defendant's Motion to Withdraw Petition for Post-Conviction Relief Without Prejudice denied without hearing. Petition to Pend." *Appellant's Appendix* at 4. We may surmise that it was Anderson's intention to withdraw the original PCR petition and file a new one. This is merely conjecture, however. Having failed to obtain the ruling he sought regarding withdrawal of the original petition, it certainly was possible for Anderson to submit a motion to amend his

petition, *see* P-C.R. 1(4), notwithstanding the denial of his motion to withdraw. It appears that he failed to do this.

This leaves the following scenario: Anderson filed a motion to withdraw his PCR petition and that motion was denied. Anderson, however, failed to challenge that ruling upon appeal. Instead, Anderson challenges the denial of a motion – i.e., a motion to amend his PCR petition – that he apparently never filed. Inasmuch as Anderson's challenge to the denial of his PCR petition is premised entirely upon his claim that the trial court erred in not allowing him to amend his PCR petition, the claim is without merit. The post-conviction court "did not err in failing to grant a motion that was never filed or in disallowing an amendment that was never tendered." *Payday Today, Inc. v. Hamilton*, 911 N.E.2d 26, 35 (Ind. Ct. App. 2009), *trans. denied*.

Judgment affirmed.

MAY, J., and BARNES, J., concur.