**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**LARRY GARMON**
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LARRY GARMON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1202-PC-170 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Dennis D. Carroll, Judge
Cause No. 48C06-1107-PC-30

**December 19, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Larry Garmon appeals the post-conviction court's denial of his petition for post-conviction relief. Garmon raises three issues for our review, which we restate as the following two issues:

1. Whether the post-conviction court abused its discretion when it denied Garmon's same-day motion to continue the evidentiary hearing on his petition for post-conviction relief; and

2. Whether the post-conviction court erred when it denied Garmon's petition.

We affirm.

## FACTS AND PROCEDURAL HISTORY

The facts underlying Garmon's conviction for Class B felony criminal deviate conduct were stated by this court on his direct appeal:

On October 23, 2001, Alan Fowler was arrested for possession of a handgun without a license and placed in the Madison County Jail. Garmon was Fowler's cellmate at the jail. While Fowler was incarcerated, Garmon asked several other inmates in the same cellblock what they would do if they woke up while someone was performing oral sex on them. On October 29, 2001, Fowler woke up in the middle of the night to find Garmon performing oral sex on him. While performing oral sex, Garmon held Fowler by the wrists and knees so that he could not move. A few days later, after Garmon was transferred to another cellblock, Fowler told of the incident to another inmate, who reported the incident to a guard.

On December 18, 2001, the State filed an amended information alleging that Garmon had committed two counts of Class B felony deviate conduct. Before the jury trial began, Garmon's attorney made what appears to be an oral motion in limine to prevent the other inmates from testifying that Garmon asked them what would they do if they woke up and someone was performing oral sex on them. The trial court denied Garmon's motion. On December 17, 2002, the jury found Garmon guilty as charged. The trial court merged Count II into Count I and sentenced Garmon accordingly.

2

<u>Garmon v. State</u>, No. 48A02-0212-CR-1051, at 2-3 (Ind. Ct. App. June 10, 2003) (footnote omitted), <u>trans. denied</u> ("<u>Garmon I</u>"). In a footnote, we explained the apparent difference between the State's Count I and Count II:

> Count I alleged that Garmon committed criminal deviate conduct in violation of Indiana Code Section 35-42-4-2(a)(3). The charge alleged that Garmon knowingly caused Fowler to submit to deviate sexual conduct while he was disabled or deficient so that consent could not be given because Fowler was asleep. Count II alleged that Garmon committed criminal deviate conduct in violation of Indiana Code Section 35-42-4-2[(a)](1). This count alleged that Garmon knowingly caused Fowler to submit to deviate sexual conduct by force or imminent threat of force.

<u>Id.</u> at 3 n.1.

On direct appeal, Garmon challenged (1) the trial court's admission of certain evidence; (2) whether the State had presented sufficient evidence to support his conviction; and (3) whether he had received the effective assistance of his trial counsel when his trial counsel failed to object to the evidence Garmon challenged in his first issue. We affirmed Garmon's conviction.

On July 26, 2011, Garmon filed his pro se petition for post-conviction relief alleging, in relevant part, that he was denied the effective assistance of appellate counsel when his appellate counsel did not assert on direct appeal that Garmon had been twice placed in jeopardy by the State's charging information. With his filing, Garmon expressly waived the opportunity to be represented by a public defender.

On November 7, the post-conviction court held an evidentiary hearing on Garmon's petition. At the beginning of the hearing, Garmon moved for a continuance so he could retain an attorney. The court denied Garmon's request. At the conclusion of the hearing, the court instructed Garmon to submit his proposed findings and conclusions by

December 12. On December 6, Garmon filed a motion for a continuance on the December 12 deadline so he could retain an attorney. The court granted Garmon's motion and instructed him to file his proposed findings and conclusions by December 28. Garmon filed his proposed findings and conclusions on January 5, 2012.

On January 18, the post-conviction court entered its findings of fact and conclusions of law denying Garmon's petition for relief. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Motion for Continuance

Garmon first argues that the post-conviction court abused its discretion when it denied his November 7 motion to continue the evidentiary hearing.[1] It is well-established that we review the post-conviction court's grant or denial of a motion for a continuance for an abuse of discretion. Tapia v. State, 753 N.E.2d 581, 586 (Ind. 2001). An abuse of discretion occurs when the court's judgment is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. Id. at 585.

The court did not abuse its discretion in denying Garmon's November 7 motion for a continuance. Contrary to Garmon's argument on appeal, he was not "caught with his pants down" and denied an opportunity for representation by counsel. Appellant's Br. at 6. Rather, Garmon expressly waived his opportunity to obtain counsel when he filed his petition for post-conviction relief on July 26. Appellant's App. at 1. One month later,

---

[1] Garmon separately argues that the trial court abused its discretion when it purportedly denied his December 6 motion to continue. Appellant's Br. at 7-8. But the trial court did not deny that motion. Rather, the court granted Garmon an additional sixteen days to file his proposed findings and conclusions pursuant to his request. Thus, this argument is without merit.

on August 30, the post-conviction court set the evidentiary hearing for November 7. Garmon had ample opportunity to retain an attorney in a timely manner before the start of his evidentiary hearing. Instead, Garmon waited until the start of his evidentiary hearing to request his continuance. In light of the facts and circumstances before the post-conviction court, we cannot say that it abused its discretion when it denied Garmon's same-day request for a continuance.

## Issue Two: Effective Assistance of Counsel

Garmon also argues that the post-conviction court erred when it denied his petition for relief. Specifically, Garmon asserts that his appellate attorney violated Garmon's Sixth Amendment right to counsel when he "did not argue the double jeopardy issue," namely, the State having charged Garmon with two counts of criminal deviate conduct. Appellant's Br. at 9. We cannot agree.

As we have explained:

[The petitioner] bore the burden of establishing the grounds for post-conviction relief by a preponderance of the evidence. See Ind. Post-Conviction Rule 1(5); Timberlake v. State, 753 N.E.2d 591, 597 (Ind. 2001). Post-conviction procedures do not afford a petitioner with a super-appeal, and not all issues are available. Timberlake, 753 N.E.2d at 597. Rather, subsequent collateral challenges to convictions must be based on grounds enumerated in the post-conviction rules. Id. If an issue was known and available, but not raised on direct appeal, it is waived. Id. If it was raised on appeal, but decided adversely, it is res judicata. Id.

In reviewing the judgment of a post-conviction court, appellate courts consider only the evidence and reasonable inferences supporting the post-conviction court's judgment. Hall v. State, 849 N.E.2d 466, 468 (Ind. 2006). The post-conviction court is the sole judge of the evidence and the credibility of the witnesses. Id. at 468-69. Because he is now appealing from a negative judgment, to the extent his appeal turns on factual issues [the petitioner] must convince this court that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the

5

> post-conviction court.  See Timberlake, 753 N.E.2d at 597.  We will disturb the decision only if the evidence is without conflict and leads only to a conclusion contrary to the result of the post-conviction court.  Id.

Lindsey v. State, 888 N.E.2d 319, 322 (Ind. Ct. App. 2008), trans. denied.

Further, a claim of ineffective assistance of counsel must satisfy two components. Strickland v. Washington, 466 U.S. 668 (1984).  First, the defendant must show deficient performance:  representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the "counsel" guaranteed by the Sixth Amendment.  Id. at 687-88.  Second, the defendant must show prejudice:  a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's errors, the result of the proceeding would have been different.  Id. at 694.

As explained in Garmon I and reiterated by the post-conviction court in its findings of fact and conclusions of law, although the jury found Garmon guilty on both Count I and Count II, the trial court "merged" the two counts and only entered its judgment of conviction on Count I.  In Green v. State, 856 N.E.2d 703, 704 (Ind. 2006), our supreme court held that "a merged offense for which a defendant is found guilty, but on which there is neither a judgment nor a sentence, is 'unproblematic' as far as double jeopardy is concerned."  Here, there was no judgment entered on Count II, which was a merged offense.  As such, there is no double jeopardy issue.  Thus, as the post-conviction concluded, had Garmon's appellate counsel argued a double jeopardy violation on direct appeal, this court would have rejected that argument.

6

Accordingly, Garmon's appellate counsel cannot have rendered constitutionally defective assistance on this purported issue, and the post-conviction court did not err when it denied Garmon's petition. Thus, we affirm the post-conviction court's denial of post-conviction relief.

Affirmed.

FRIEDLANDER, J., and BRADFORD, J., concur.