## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 23 2016, 9:18 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Calvin Lyons | Gregory F. Zoeller |
| Carlisle, Indiana | Attorney General of Indiana |
| | Chandra K. Hein |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Calvin Lyons, | September 23, 2016 |
| *Appellant-Defendant,* | Court of Appeals Case No. 45A03-1511-PC-2076 |
| v. | Appeal from the Lake Superior Court |
| State of Indiana, | The Honorable Samuel L. Cappas, Judge |
| *Appellee-Plaintiff.* | The Honorable Natalie Bokota, Magistrate |
| | Trial Court Cause No. 45G04-1308-PC-11 |

**Robb, Judge.**

# Case Summary and Issue

[1] A post-conviction court denied Calvin Lyons' request to withdraw his petition for post-conviction relief without prejudice. Lyons, pro se, contends the trial court abused its discretion in denying his request. Concluding the trial court did not abuse its discretion, we affirm.

# Facts and Procedural History

[2] We summarized the facts of this case in Lyons' direct appeal.

> On April 18, 2003, Lyons and three other men visited the residence of Emmanuel and Michael Williams to discuss an earlier fight. A skirmish erupted between Lyons and the Williams brothers. Lyons fired a handgun, killing Michael and seriously injuring Emmanuel.
>
> On September 11, 2004, Lyons and Althirty Hunter, Jr., went to the residence of Jawuan Baker and Dino Moore looking for $100 as payment for a prior drug transaction. When Hunter demanded payment, Moore grabbed him from behind. Lyons retrieved an AK–47 assault rifle and fired it at Moore, Baker, and Jeffery Morgan. Lyons killed Moore and seriously injured Baker and Morgan.
>
> On September 16, 2004, the State charged Lyons with the murder of Moore and attempted murder and battery of Baker and Morgan. On December 30, 2004, a grand jury indicted Lyons for the murder of Williams. On February 24, 2006, Lyons and the State entered into a plea agreement. Lyons would plead guilty to voluntary manslaughter, aggravated battery, and criminal recklessness in connection with the shooting of Moore, Baker and Morgan and would plead guilty to three counts of criminal

recklessness in connection with the death of Williams. In exchange, the State would dismiss the murder, attempted murder, and battery counts related to the shooting of Moore, Baker, and Morgan and the voluntary manslaughter count based on the death of Williams. The parties would argue sentencing to the trial court, but sentences relating to Moore, Baker, and Morgan would run consecutively. All sentences relating to Williams would run concurrently, but consecutive to the other counts. On April 28, 2006, the trial court sentenced Lyons to a total of fifty years.

*Lyons v. State*, No. 45A05-0606-CR-290, slip op. at *1 (Ind. Ct. App. May 10, 2007). We affirmed Lyons' sentence, his sole issue on appeal. *Id*. at *3.

[3]    On August 13, 2013, Lyons filed a petition for post-conviction relief and was appointed a public defender. On November 20, 2013, Lyons moved for a continuance, which the post-conviction court granted. On January 13, 2014, Lyons' counsel withdrew his appearance because he concluded, after appropriate investigation and consultation with Lyons, his claims were without merit. Now pro se, Lyons moved for a second continuance at an evidentiary hearing on March 19, 2014, claiming he needed time to hire private counsel. The post-conviction court granted the motion, but because the State had been prepared to present evidence on the petition at the hearing, the court advised Lyon it would not grant any additional continuances unless the request was made at least ten days prior to a scheduled hearing. On July 21, 2014, and October 8, 2014, Lyons moved for a third and fourth continuance, both of which the post-conviction court granted. However, upon granting the fourth

continuance, the post-conviction advised Lyons it would not grant any additional continuances barring extraordinary circumstances.

[4] On February 19, 2015, the post-conviction court held an evidentiary hearing. At the hearing, Lyons moved to withdraw his petition without prejudice so he could attain private counsel, which the post-conviction court denied. Thereafter, the parties presented evidence, and at the conclusion of the hearing the post-conviction court denied Lyons' petition for post-conviction relief. Lyons now appeals the denial of his motion to withdraw his petition without prejudice.

# Discussion and Decision

## I. Standard of Review

[5] The authority of a post-conviction court to grant a motion to withdraw a petition for post-conviction relief is governed by Indiana Post-Conviction Rule 1(4)(c), which provides a court may grant leave to withdraw a petition for post-conviction relief at any time prior to entry of judgment. We review a denial of a motion to withdraw a petition for post-conviction relief for an abuse of discretion. *Tinker v. State*, 805 N.E.2d 1284, 1290 (Ind. Ct. App. 2004), *trans. denied*. A post-conviction court abuses its discretion only when its decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Tapia v. State*, 753 N.E.2d 581, 585 (Ind. 2001).

## II.  Motion to Withdraw

[6]     Lyons argues the trial court abused its discretion in denying his request to withdraw his petition without prejudice so he could hire private counsel.[1]  In denying his request, the trial court stated,

> On March 19th of last year when you appeared before me—and I do remember—I'm looking at the order from that date.  And it shows that you did, in fact, move to continue the hearing because you were hiring private counsel.  So that was now almost exactly a year ago, one month shy; today being February 19th of 2015.  You moved to continue, and the State objected.  I granted your request over the State's objection.  I advised you, however—and it's here in black and white in the order—that you were advised that there would be no further continuances unless the request was made at least ten days before the hearing date.  We then reset it to a date in July.  You moved to continue that; we continued it. . . .  [W]e've incurred the expense of bringing you here, sir. . . . Your motion to withdraw without prejudice is denied.  I'll let you withdraw it, but it's with prejudice . . . .

Transcript at 6-7.

[7]     As noted above, a post-conviction court is not required to grant a request to withdraw a petition for post-conviction relief.  Ind. Post-Conviction Rule 1(4)(c).  Over a year and one-half period, Lyons requested a continuance four times, all of which the trial court granted.  Despite having most of this time to

---

[1] Specifically, Lyon contends the post-conviction court was required to grant his request because the State could not show it would suffer substantial prejudice as a result.  "Prejudice to the non-moving party is one indicia of an abuse of discretion, but the standard of review remains an abuse of discretion." *Ford v. State*, 755 N.E.2d 1138, 1142 (Ind. Ct. App. 2001), *trans. denied*.  For this reason, Lyons' argument fails.

secure counsel, and knowing additional requests for a continuance would be denied, Lyons appeared at the final evidentiary hearing at the court's cost and requested to withdraw his petition without prejudice, claiming he needed to secure counsel who could then refile his petition. At the hearing, Lyons did not explain why he was unable to secure counsel in a little under a year's time, nor did he explain what benefit he would receive from withdrawing his petition. It is apparent the post-conviction court grew frustrated with Lyons' attempt to delay the proceedings, *see Tapia*, 753 N.E.2d at 584 (noting the abuse of discretion standard provides post-conviction courts the ability to curtail attempts by petitioners to delay final judgments on their petitions), and balanced the speculative benefit Lyons would derive from a delay against the costs to the court in wasted time, *see id.* at 586, and concluded Lyons was not entitled to withdraw his petition. We conclude the post-conviction court did not abuse its discretion.

# Conclusion

[8] The trial court did not abuse its discretion in denying Lyons' request to withdraw his petition for post-conviction relief without prejudice. Accordingly, we affirm.

[9] Affirmed.

Mathias, J., and Brown, J., concur.