## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Nov 22 2016, 8:39 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Anthony Stansbury | Gregory F. Zoeller |
| Michigan City, Indiana | Attorney General of Indiana |
| | Eric P. Babbs |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Anthony Stansbury,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 22, 2016

Court of Appeals Case No.
15A01-1511-PC-1859

Appeal from the Dearborn
Superior Court

The Honorable Jonathan N.
Cleary, Judge

Trial Court Cause No.
15D01-1505-PC-6

**Robb, Judge.**

## Case Summary and Issues

[1] Anthony Stansbury, pro se, appeals the post-conviction court's denial of his petition for post-conviction relief, raising two issues for our review, which we restate as (1) whether the post-conviction court abused its discretion in denying Stansbury's motion for continuance, and (2) whether the post-conviction court erred in denying his petition without first holding an evidentiary hearing. Concluding the post-conviction court did not abuse its discretion in denying Stansbury's motion for continuance nor did it err in denying his petition, we affirm.

## Facts and Procedural History

[2] On September 14, 2011, Stansbury was convicted of attempted robbery and aggravated battery as Class B felonies. He was also found to be an habitual offender, and the trial court sentenced him to an executed term in the Indiana Department of Correction. We affirmed his convictions on appeal, but remanded to the trial court to correct an error in the sentencing order. *Stansbury v. State*, No. 15A05-1111-CR-585, slip op. at 1 (Ind. Ct. App. May 31, 2012), *trans. denied*.

[3] In October 2012, Stansbury filed a petition for post-conviction relief under cause number 15D01-1209-PC-0008, alleging he received ineffective assistance of trial and appellate counsel. The post-conviction court appointed a public defender, and after conducting an appropriate investigation and consulting with

Stansbury, the public defender withdrew his appearance. On September 8, 2014, Stansbury filed a pro se motion to withdraw his petition, which the post-conviction court granted without prejudice.

[4] On May 6, 2015, Stansbury filed a petition for post-conviction relief under the current cause number. This petition also alleged Stansbury received ineffective assistance of trial and appellate counsel. Stansbury requested the post-conviction court appoint a public defender, which the post-conviction court granted. On June 4, 2015, the public defender filed a notice of non-representation, citing the fact Stansbury's allegations from the 2012 petition had not changed; Stansbury proceeded pro se.

[5] On June 5, 2015, the post-conviction court ordered Stansbury to submit his case by affidavit within sixty days. On July 23, 2015, Stansbury moved for a continuance, claiming he had not yet received the clerk's record. The post-conviction court granted the motion and extended Stansbury's deadline to submit affidavits to October 5, 2015.

[6] On October 2, 2015, Stansbury filed a second motion for continuance, claiming a lock-down at the prison and supervisor unavailability severely limited his access to the prison law libraries. On October 5, 2015, the post-conviction court denied Stansbury's motion for continuance[1] and denied his petition for post-

---

[1] We note Stansbury's second motion for continuance was never entered in the Chronological Case Summary. The State did not receive notice or a copy of the motion and did not have the opportunity to respond. Regardless, the post-conviction court noted in its October 5 order it received the motion and denied the motion. In addition, the motion was not included in the clerk's record on appeal and Stansbury did not

conviction relief. As to the denial of Stansbury's petition, the post-conviction court concluded Stansbury did not submit his case by affidavits as ordered and failed to produce sufficient evidence to support his petition. This appeal ensued.

# Discussion and Decision

## I. Motion for Continuance

[7] Stansbury argues that the trial court abused its discretion in denying his motion for continuance. Rulings upon non-statutory motions for continuance are within the discretion of the post-conviction court and will be reversed only for an abuse of that discretion. *Tapia v. State*, 753 N.E.2d 581, 586 (Ind. 2001). An abuse of discretion occurs only where the evidence is clearly against the logic and effect of the facts and circumstances. *Id* at 585.

[8] We cannot say the post-conviction court abused its discretion in denying the motion for continuance. In early June 2015, the post-conviction court ordered Stansbury to submit his case by affidavit by early August. Nearly two weeks prior to the August deadline, Stansbury moved for a continuance, which the post-conviction court granted. In so doing, the post-conviction court extended the deadline for Stansbury to submit his case by affidavit to October 5, 2015.

---

include the motion in his appendix. After submission of the parties' briefs, Stansbury filed a motion for leave to amend the record and submitted a supplemental appendix including a file-stamped copy of the motion. In a separate order, we grant his motion for leave to amend and we address the merits of his claims herein.

Just three days prior to this deadline, on October 2, 2015, Stansbury filed a second motion for continuance. The motion alleges a lockdown at the prison and supervisor unavailability hampered his access to the law library. Although we have no reason to question the veracity of Stansbury's claims, the motion lacks any specificity that would show he was unable to access the law library at any time during the two additional months he was granted to submit his case. For example, the motion does not detail the length of the lock-down. We conclude the post-conviction court's denial of Stansbury's motion for continuance is not clearly against the logic and effect of the facts and circumstances.

## II. Petition for Post-Conviction Relief

### A. Standard of Review

[9] Defendants who have exhausted the direct appeal process may challenge the correctness of their convictions and sentence by filing a post-conviction petition. Ind. Post-Conviction Rule 1(1). A petitioner for post-conviction relief has the burden of establishing his grounds for relief by a preponderance of the evidence. *Timberlake v. State*, 753 N.E.2d 591, 597 (Ind. 2001), *cert. denied*, 537 U.S. 839 (2002). Because Stansbury is appealing from a negative judgment, he must convince this court the evidence as a whole unmistakably and unerringly points to a conclusion contrary to the post-conviction court's decision. *See id.*

## B. Submission by Affidavit

Stansbury argues the post-conviction court erred in denying his petition. Specifically, he argues the denial was improper without holding an evidentiary hearing. We disagree.

Indiana Post-Conviction Rule 1(9)(b) "clearly and plainly provides that when a petitioner proceeds pro se, the PCR court has the discretion to order the cause submitted upon affidavit." *Smith v. State*, 822 N.E.2d 193, 201 (Ind. Ct. App. 2005), *trans. denied*. This rule is a "distinct way for a PCR court to rule on a petition without an evidentiary hearing." *Id*. A post-conviction court is only required to hold an evidentiary hearing after ordering a case be submitted by affidavit if (1) affidavits are, in fact, submitted, (2) either party moves for summary disposition, and (3) there is a genuine issue of material fact. *See* P-C.R. 1(4)(g).

Here, the post-conviction court exercised its discretion in ordering Stansbury to submit his case by affidavit pursuant to Rule 1(9)(b).[2] Despite having nearly four months to submit his case by affidavit, Stansbury did not submit any affidavits. As a result, Stansbury offered no evidence in support of his petition and the post-conviction court never had the opportunity to determine whether

---

[2] Stansbury does not argue the post-conviction court abused its discretion in ordering his case be submitted by affidavit.

an evidentiary hearing was required. *See* P-C.R. 1(4)(g). We conclude the post-conviction court did not err in denying Stansbury's petition.

# Conclusion

The post-conviction court did not abuse its discretion in denying Stansbury's motion for continuance nor did it err in denying his petition. Accordingly, we affirm.

Affirmed.

Mathias, J., and Brown, J., concur.